8409

BREWTON v. SHIRLEY.

1. JURISDICTION.—A Circuit Judge has no jurisdiction after adjournment of the Court and after he has left the Circuit to amend an order made on Circuit in Court, to conform to the statements made by him orally in granting the order.

2. JUDGMENT—RES JUDICATA.—Where a demurrer is sustained and complaint dismissed, the order is a final judgment and until such order is reversed or modified there is no complaint which can be amended.

Before WILSON, J., Spartanburg, March, 1911. Reversed.

Action by Joseph Brewton against W. J. Shirley. Defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: 51 S. C. 25; 30 S. C. 335; 80 S. C. 84; 32 S. C. 58.

*Messrs. Stanyarne Wilson* and *Gwynn & Harmon,* contra, cite: 21 S. C. 11; 41 S. C. 356; 69 S. C. 570; 73 S. C. 582.

January 10, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an appeal from the following order:

"This cause came up before me at my last holding in the Spartanburg Court, upon a demurrer to the complaint.   I sustained the demurrer, stating at the time, that I would allow the plaintiff to amend his complaint, by setting up a cause of action, or causes of action, which may be properly united.   It has been brought to my attention, that the order signed by me at that time makes no provision for such leave to amend; and a motion is now made before me, to have the said order to conform to my said decision, so as to allow such amendment.

"The omission above referred to, should be incorporated in the order signed by me.

"It is, therefore, ordered, that the said order be corrected by adding the following:

"It is further ordered, that the plaintiff have leave to amend his complaint, as he may be advised, by stating therein, a cause of action or causes of action, which may be properly united in one action."

The said order was granted at Manning, S. C., after the Court at Spartanburg had adjourned, and his Honor, Judge Wilson, had left that Circuit.

The exceptions raise the question, whether he had jurisdiction to grant the order, allowing the plaintiff to amend his complaint.

The case of *Barrett* v. *James,* 30 S. C. 329, 9 S. E. 263, shows that he did not have such jurisdiction, after he had left the Circuit in which he sustained the demurrer.

The presiding Judge had the right to withdraw or amend the order sustaining the demurrer, at any time before the adjournment of that term of the Court; and, the announcement that he would allow the plaintiff to amend his complaint, was manifestly intended only to allow such right, provided the request to amend was made during the time he had control of the order sustaining the demurrer.

There is nothing manifesting an intention on his part, to dispense with any of the requirements in regard to amendments.

There is another reason, why the order to amend could not be granted, after the Court for the county of Spartanburg, had adjourned. The action of the Court, in sustaining the demurrer, was a final judgment, and the questions thereby determined became *res adjudicata*. *Duke* v. *Tel. Co.*, 71 S. C. 95, 50 S. E. 675.

Therefore, until the judgment dismissing the complaint was set aside or modified, there was no complaint before the Court, which could be amended.

It is the judgment of this Court that the order of the Circuit Court be reversed.

MR. JUSTICE WATTS *disqualified*.