16239

SHILLITO v. CITY OF SPARTANBURG *ET AL.*
(54 S. E. (2d) 521)

84

*Mr. John G. Galbraith,* of Spartanburg, *for City of Spartanburg and its officials, appellants,*

*Mr. E. W. Johnson,* of Spartanburg, *for Respondent,*

July 20, 1949.

FISHBURNE, Justice.

When presiding in the Seventh Judicial Circuit at Spartanburg, South Carolina, Hon. J. Woodrow Lewis heard upon the pleadings the case of *Shillito v. Spartanburg et al.,* a taxpayer's action, involving the constitutionality of an Act passed by the General Assembly, No. 841, Act Jan. 23, 1946, 44 Stat. at Large, page 2494, providing for an annual tax levy in the City of Spartanburg for the benefit of the Spartanburg City Firemen's Pension Fund. He took the matter under advisement, adjourned the court *sine die,* left the circuit and returned to his home at Darlington, in the Fourth Judicial Circuit. Some time thereafter, he filed with the Clerk of the Court at Spartanburg his decree in which he adjudged the above mentioned Act unconstitutional, and ordered that the taxes collected under the unlawful assessment should constitute a part of the general funds of the City of Spartanburg, "subject only to payment of such attorney's fees as may be allowed the attorney for the plaintiff by the court upon proper notice and application therefor before me, and for this purpose only jurisdiction is retained."

An appeal was taken by the City of Spartanburg from the above mentioned judgment, and this court in an opinion filed December 7, 1948, *Shillito v. City of Spartanburg et al.,* 214 S. C. 11, 51 S. E. (2d) 95, 104, affirmed the judgment of the lower court, and sustained the allowance of a fee for the plaintiff's attorney, payable out of the funds derived from the unlawful levy. The opinion in its concluding paragraph, provides: "This case is remanded to the court of common pleas of Spartanburg County for appropriate action on application for allowance of reasonable fees to respondent's counsel in conformity with the views herein expressed."

On December 28, 1948, plaintiff served notice on the attorneys for the City of Spartanburg, that he would move

before Judge Lewis at his Chambers in Darlington, South Carolina, on January 7, 1949, for an order fixing a reasonable fee to be paid his attorney for services rendered in the taxpayers' action.

Counsel for the City of Spartanburg served a Return and Notice upon the plaintiff's attorney objecting to the power and jurisdiction of Judge Lewis to hear and determine at his Chambers at Darlington, in the Fourth Circuit, the question of the amount of attorney's fees to be allowed. When the matter was called for hearing before Judge Lewis at Darlington, the City of Spartanburg objected to the jurisdiction of the Circuit Judge, and the objections were overruled. Thereafter, with the express understanding with the court that all rights under their objection were preserved, affidavits were submitted by the City of Spartanburg, and by the plaintiff on the issue of what amount would constitute a reasonable attorney's fee. Upon consideration of the opposing affidavits, and the entire record in the case of *Shillito v. City of Spartanburg, supra,* the circuit judge held that the sum of $7,500.00 was a reasonable fee, and ordered and directed that this amount be paid to the attorney for the plaintiff out of the tax funds collected by the City of Spartanburg under the unconstitutional Act.

The appellant, the City of Spartanburg, in this appeal, challenges the power and jurisdiction of Judge Lewis to hear the motion and determine at Darlington, in the Fourth Circuit, the amount of the fee to be allowed the taxpayer's attorney, upon the following grounds: (a) No application or motion to fix the amount had been made before him while he was presiding in the Seventh Circuit, in Spartanburg County; (b) No issue concerning the amount of a reasonable fee was submitted to him or heard by him while he was presiding in the Seventh Circuit; (c) The judgment of the Supreme Court specifically remanded the cause to the Court of Common Pleas for Spartanburg County; and (d)

Judge Lewis was not a judge of the Seventh Circuit at any time subsequent to such remand.

In our opinion, the position taken by the appellant must be sustained under the circumstances stated, and the order of the lower court reversed upon the ground that Judge Lewis lost jurisdiction to pass upon the amount of attorney's fees to be allowed, after adjourning court *sine die* at Spartanburg, and leaving the Seventh Circuit.

Ordinarily, a judge in our system of rotation of judges, duly assigned and empowered to hold court in another circuit, must exercise his judicial powers while within the territorial boundaries of such circuit. *Burns v. Babb,* 190 S. C. 508, 3 S. E. (2d) 247. To this general statement of the rule there are some exceptions. Thus, it has been held that the visiting judge, after the adjournment of court in the designated circuit, may render his decision in a cause tried before him, or pass upon a motion heard by him, even after he has returned to his home circuit. *Stokes v. Murray,* 94 S. C. 18, 77 S. E. 712.

When a trial judge adjourns his court *sine die,* he loses jurisdiction of a case finally determined during that term, except under special circumstances, as where either by consent or acquiescence of counsel for both sides, or postponing determination of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed. *Burns v. Babb,* 190 S. C. 508, 3 S. E. (2d) 247; *Eagerton v. Atlantic Coast Line R. Co.,* 175 S. C. 209, 178 S. E. 844; *Roberts v. Wessinger,* 69 S. C. 283, 48 S. E. 248; *First Carolinas Joint Stock Land Bank of Columbia v. Knotts,* 191 S. C. 384, 1 S. E. (2d) 797.

Any designated judge who has held court in another circuit than his own, has the power, notwithstanding his absence from such circuit, to decide all matters which have been submitted to him within such circuit, decide

motions for new trials duly made, or perform any other act required by law or the rules of the court in order to prepare any case so tried by him for review in an appellate court.

But the jurisdiction and power of a circuit judge goes no farther. The rule does not contemplate that after he has left the circuit, he shall decide any matter which has not been submitted to or heard by him while holding court in such circuit. No authority is given to him to hear and determine new matter, even though such new matter may arise in the same case. To hold otherwise would result in confusion and inconvenience in the trial of cases and in the administration of justice. It would mean that the parties would be required to go to distant parts, before a judge in another circuit, to be heard upon the merits of a motion such as the one before us, which had not been submitted to him.

The only issue with reference to attorney's fees heard by the trial judge while holding court in Spartanburg, was whether or not any fee was allowable. The decree of the circuit judge subsequently filed, expressly recognized that the amount of the fee could be passed upon by the court only after motion therefor should be made by the plaintiff. The order made at Darlington, in the Fourth Circuit, by the circuit judge, fixing the amount of the fee, contained and constituted new matter not presented to him or marked "heard"; was in no sense supplemental or germane to the enforcement of the original judgment, and is, therefore, void for lack of jurisdiction.

Furthermore, the opinion of this court rendered in *Shillito v. City of Spartanburg*, 214 S. C. 11, 51 S. E. (2d) 95, 104, expressly stated, "This case is remanded to the court of common pleas of Spartanburg County for appropriate action on application for allowance of reasonable fees to respondent's counsel in conformity with the views herein expressed."

The decision here is without prejudice to the right of the plaintiff to make due application, upon notice, for a reasonable attorney's fee before a judge or court authorized to act in the Seventh Circuit. In the case of *Shillito v. City of Spartanburg, supra,* it was definitely held that plaintiff's attorney was entitled to a fee commensurate with the services rendered by him in the successful prosecution of that action, so that the only question which now remains open is the determination of what is a fair and equitable fee.

Judgment reversed and case remanded.

Baker, C. J. and Stukes, Taylor and Oxner, JJ., concur.