17195

LILLIAN C. BARNETT, Respondent, v. PIEDMONT SHIRT CORPORATION, Appellant

(94 S. E. (2d) 1)

*Messrs. Mann & Mann,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

*Messrs. Mann & Mann,* of Greenville, *for Appellant,* in Reply.

August 6, 1956.

LEGGE, Justice.

Plaintiff brought this action in November, 1955, seeking to recover damages for slander. In substance, the complaint alleged:

That on February 11, 1955, she was employed by defendant in its shipping department; that for some time prior to that date it had been commonly known among the officers and employees of the defendant that merchandise was being stolen from its plant; that when she was leaving

the plant on February 11, 1955, after her day's work, she saw one of defendant's employees searching her automobile, and as she approached he ran away; upon information and belief, that about two weeks later the same employee again searched her automobile in the presence of certain other employees; that "by the acts and conduct" of this employee, defendant intended to and did convey to the others present that the plaintiff was the person who had been stealing its merchandise; that on July 2, 1955, two deputy sheriffs of Greenville County came to plaintiff's home and in the presence of her husband and other members of her family proceeded to search the home "for the announced purpose of procuring the shirts and pajamas which had been stolen from the defendant"; that they found no stolen property in her home; that on the previous day the same officers had come to plaintiff's home in her absence and had inquired as to her whereabouts; and "that plaintiff is informed and believes that the acts and conduct on the part of said officers were in response to the directions and requests of the defendant through its Secretary and Comptroller, namely Harry Schloss"; and that as the result of the "unlawful, unfounded, wilful and malicious acts and conduct on the part of the defendant, through its agents and employees, acting in the course of their employment, and at the direction of the defendant, said defendant published, indicated, insinuated and publicized as a fact that plaintiff herein had stolen property from the defendant", to her damage, etc.

To this complaint the defendant demurred upon the following grounds:

1. That it did not state facts sufficient to constitute a cause of action, in that:

(a) There was no allegation "of any written or spoken words charging defendant with any actionable conduct";

(b) There was no allegation of the publication of any written or spoken words charging it with such conduct; and

(c) There was no written or spoken word "affording the basis for any inference or innuendo affording a basis for a cause of action under the statutory law governing libel and slander in this state".

2. That "it appears affirmatively from the face of the complaint that the defendant was not guilty of in any way libeling or slandering the plaintiff under the statutory law of this state", in that:

(a) "No words or publication of utterances are charged against the defendant"; and

(b) "No accusation or innuendo by utterance or writing was made by this defendant against the plaintiff".

The demurrer was argued at the November, 1955, Term, before the Honorable Joseph R. Moss, Judge of the Sixth Circuit, who was then presiding in the Thirteenth Circuit (Greenville and Pickens Counties) during the fall term. That term ended in December, 1955, and Judge Moss thereupon left the circuit. On January 20, 1956, he issued his order sustaining the demurrer on both grounds. From that order no appeal was taken. On February 8, 1956, upon *ex parte* application of the plaintiff, he issued the following order:

"The defendant interposed a demurrer to the complaint in the above entitled action and a hearing on said demurrer was had before me during the November term of the Court of Common Pleas in Greenville. An order was filed by me on January 20, 1956, sustaining said demurrer, at which time it was my intention to grant plaintiff the right to amend her complaint if she should be so advised, but I inadvertently omitted inserting a provision in said order to this effect.

"It is therefore ordered that the plaintiff in the above entitled action shall have the right, within the period of twenty days from the filing of this order, to amend her complaint in the above entitled action in such particulars as she may be advised, should she so desire".

From this order the defendant has appealed, contending, *inter alia,* that Judge Moss was without jurisdiction to issue it.

The power of a circuit judge, after he has left the circuit, to issue an order on a matter heard by him while presiding within the circuit, is unquestioned. *Chafee & Co. v. Rainey,* 21 S. C. 11. Judge Moss' order of January 20, 1956, sustaining the demurrer, was as effective, and as final, as if it had been issued during the term at which he had presided. Upon its issuance his jurisdiction of the matter, except for the correction of merely clerical errors, ended. *Barret v. James,* 30 S. C. 329, 9 S. E. 263; *Brewton v. Shirley,* 93 S. C. 365, 76 S. E. 988; *Outlaw v. Barnes,* 118 S. C. 189, 110 S. E. 124.

*Brewton v. Shirley, supra,* is conclusive of the issue. There a circuit judge, presiding in Spartanburg, had heard a demurrer to a complaint and had issued an order sustaining it, but making no provision for leave to amend. Thereafter, having left the circuit, he issued another order reciting that at the time of the issuance of the former he had stated that he would allow the plaintiff to amend his complaint; that the omission of such provision having been called to his attention, the former order should be amended to conform to his decision; and ordering accordingly. On appeal, this court held that he was without jurisdiction to issue the latter order.

In the case before us, the order of February 8, 1956, involved material amendment of the order of January 20, not correction of a mere clerical error. Under the authorities before cited, we are of the opinion that Judge Moss was without jurisdiction to issue it, and that it was therefore, null and void. In view of this conclusion, discussion of the other exceptions becomes unnecessary.

Reversed.

STUKES, C. J., and TAYLOR and OXNER, JJ., concur.

Moss, J., disqualified.