## 20441

UNITED MACHINE WORKS, INC., Polly Hood Dunn, Wallace H. Hawkins, and Reba H. Hawkins, Plaintiffs-Appellants-Respondents, v. A. Morgan WILLIAMS, Sr., Individually and d/b/a AMW Management Service, A. Morgan Williams, Jr., Individually and d/b/a United Factoring Service, Sam Fitz-Simmons, Bill R. Hutto, Jack H. Hutto, Raymond L. Syfrett, Frank G. Hawkins, Ruth Cooper Hawkins, William Howard Vess, Jr., Fletcher Jordan Hawkins, Gaynell B. Hawkins, Fairlane Finance Co., Inc., Southern Enterprises, Inc., Eagle Iron Works, Inc., Bankers Trust of South Carolina, and the United States of America, Defendants, of whom A. Morgan Williams, Sr., Individually and d/b/a AMW Management Service, A. Morgan Williams, Jr., Individually and d/b/a United Factoring Service, Sam Fitz-Simmons, Bill R. Hutto, Jack H. Hutto, and Raymond L. Syfrett, are, Respondents-Appellants.

(235 S. E. (2d) 711)

*Julius B. Aiken, Esq.,* of Greenville, *for Plaintiffs-Appellants,*

*John P. Britton, Esq.,* of *Rainey, McKay, Britton, Gibbes & Clarkson,* Greenville, *for Respondents-Appellants,*

May 26, 1977.

LITTLEJOHN, Justice.

The sole question on this appeal is whether the defendants have lost their right to interpose motions to make the complaint more definite and certain, and to strike certain allegations.

The action was brought by the plaintiffs for an accounting as to amounts due on several promissory notes given by various combinations of the plaintiffs to various combinations of the defendants; however, the nature of the action is of no consequence on this appeal, since only a procedural matter is involved.

After the complaint was served, Circuit Judge Frank Eppes, on February 23, issued a consent order granting "an extension of time until March 8, 1976 to answer, file motions pertaining to, and to otherwise respond to the allegations as set forth in the plaintiffs' Complaint."

On March 2, 1976, the defendants interposed a demurrer to the complaint, which came to be heard before Special Circuit Judge Julian B. Salley on March 9. On April 9, Judge Salley issued his order, overruling the demurrer; his order was silent as to the right to answer. Thereafter, on April 27, Judge Salley issued a supplemental order, directing ". . . that the defendants have ten (10) days from the date of service of the aforesaid Order upon them in which to *answer or otherwise plead to the complaint herein.*[1] " (Emphasis added.)

On April 23, Circuit Judge Eppes issued an *Ex Parte* order, granting to the defendants ". . . an extension of time to answer, *prepare motions pertaining to,* or otherwise respond to the allegations of the plaintiffs' Complaint until arguments and a determination can be made pertaining to the attached motions." (Emphasis added.) On April 24, counsel for the plaintiffs moved to vacate the *Ex Parte* order on the ground that the same was improvidently issued because (1) it was without notice to plaintiffs' attorney, and (2) the motion was defective in that it did not comply with Circuit Court Rule 19. Circuit Court Rule 19 reads as follows:

"Time to answer not extended without certificate of merits—subsequent extension.—No order extending the

---

[1] The issue is not raised on appeal and we treat the order as though it were valid; Judge Salley's tour of duty had been terminated and jurisdiction was lost under authority of *Barnett v. Piedmont Shirt Corp.,* 230 S. C. 34, 94 S. E. (2d) 1 (1956).

time to answer or demur to a complaint shall be granted unless the party applying for such order shall present to the Judge to whom the application shall be made a certificate of the attorney or counsel retained to defend the action, that, from the statement made to him by the defendant, he verily believes that the defendant has a good and substantial defense upon the merits of the cause of action set forth in the complaint or to some part thereof. And if any extension of time to answer or demur has been previously granted by stipulation or order, the fact shall be stated in the certificate."

On May 24, Judge Eppes vacated his order of April 23, holding in effect that the defendants had lost their right to make motions to strike from the complaint and motions to make the complaint more definite and certain. He allowed the defendants ". . . a period of Ten (10) Days from the date of service upon their counsel of a copy of this Order to file and serve answer and/or answer and counter-claim and/or answer, counter-claim and cross-complaint, as they may be advised, . ."

On June 7, defendants served a notice of motion to make more definite and certain and to strike from the complaint. The matter was submitted to Special Circuit Judge John T. Gentry. He ruled that the order of Judge Eppes of May 24 and the order of Judge Salley of April 27 were in conflict and that he had no authority to settle the conflict by, in effect, reversing one of the judges.

From the order of Judge Eppes of May 24 and the order of Judge Gentry, the parties have appealed. Defendants submit that Judge Eppes erred in revoking his *Ex Parte* order and that Judge Gentry should have ruled upon the substance of the motions before him. Plaintiffs have excepted, alleging that Judge Gentry should have overruled the motions.

Section 10-606, Code of Laws of South Carolina (1962), provides as follows:

"§ 10-606. Irrelevant, redundant and indefinite matter.— If irrelevant or redundant matter be inserted in a pleading

it may be stricken out on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent the court may require the pleading to be made definite and certain by amendment."

Section 10-641 reads:

"§ 10-641. Defendant to demur or answer within twenty days.—The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of the copy of the complaint." Circuit Court Rule 20 reads thusly:

"Motions to amend pleadings.—Motions to strike out of any pleading matter alleged to be irrelevant or redundant, and motions to correct a pleading on the ground of its being 'so indefinite or uncertain that the precise nature of the charge or defense is not apparent,' must be noticed before demurring or answering the pleading, and within twenty days from the service thereof."

Section 10-644, in part, reads as follows:

"§ 10-644. Pleading after demurrer.—After the decision on a demurrer the court shall, unless it appear that the demurrer was interposed in bad faith or for purposes of delay, allow the party to plead over upon such terms as may be just. . . ."

There are only two pleadings permitted to a complaint and these are a demurrer or an answer, as indicated in § 10-641, quoted above. There is a popular misconception at the law that a motion to make more definite and certain, or to strike from a complaint is a pleading. Actually, such motions are an attack upon the complaint which is a pleading. In Words and Phrases, we find the following definitions, citing authorities: "A pleading is a statement in the legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense" and, also, "The pleadings are the statements which set out the

causes of action and grounds of defense and make the issues in the action which is to be tried."

On the other hand, Words and Phrases, citing an authority, says, "A motion is not a pleading but simply is for the purpose of obtaining an order from the court."

Keeping these definitions in mind, there is nothing incompatible in the order of Judge Eppes of May 24 and the order of Judge Salley of April 27. Both allowed the defendants to file a responsive pleading. Neither allowed the defendants to make motions.

We now come to the issue: Did Judge Eppes' order of April 23, granted *Ex Parte,* restore to the defendants a right which they had lost, either (1) on March 2, by interposing the demurrer, or at latest (2) on March 8, in keeping with the order of February 23 extending time.

Rule 56 of the Circuit Court provides as follows:

"How questions brought before court.—All questions for argument and all motions shall be brought before the Court on a notice or by an order to show cause; and if the opposite party shall not appear to oppose, the party making the motion or obtaining the order shall be entitled to the rule or judgment moved for on proof of due service of the notice, or order, and papers required to be served by him, unless the Court shall otherwise direct."

We are of the opinion that the order of April 23, was improvidently granted and that Judge Eppes correctly vacated the same, both because it was granted without notice and because, admittedly no compliance was made with Rule 19.

Rule 20 needs no defense; it is clear and unambiguous. However, we add that there is much reason for the rule and enforcement of it. If one could demur and lose, and then move to make more definite and certain and/or strike from the complaint, he could thereafter demur again on the basis of the corrected complaint. If one desires

to "straighten out" a complaint, he must do so before demurring or answering, which goes to the merits of the entire cause of action. Our ruling is mandated in *Whaley v. Lawton*, 53 S. C. 580, 31 S. E. 660 (1898) ; *also see Stewart v. Ficken*, 165 S. C. 396, 164 S. E. 14 (1932).

In summary, we hold that the defendants lost their right to move to make more definite and certain and/or strike from the complaint. The case is remanded for trial on the merits after the parties have completed all pleadings.

It follows that the order of Judge Eppes of May 24 is affirmed. The order of Judge Gentry is reversed.

Affirmed in part;

Reversed in part.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.