22194

Melvin I. WHITTLE, Respondent, v. MULTIPLE SERVICES, INC.: Raymond E. Brown; G. Raymond Brown; Jake K. Holcombe; Alec E. Brown; William C. Peek; James B. Brown, Jr.; Julian Hard; and Joe A. Hewell, Defendants, of whom Multiple Services, Inc.; Raymond E. Brown; G. Raymond Brown; Jake K. Holcombe; Alec E. Brown; William C. Peek; James B. Brown, Jr.; and Joe A. Hewell are, Appellants.

Appeal of MULTIPLE SERVICES, INC.

(324 S. E. (2d) 62)

Supreme Court

*James A. Stuckey* and *Lawrence C. Kobrovsky*, Charleston, for *Multiple Services, Inc.; Raymond E. Brown; G. Raymond Brown; Jake K. Holcombe; William C. Peek; James B. Brown, Jr.* and *Joe A. Hewell, appellants.*

*William H. Smith, Jr.*, Columbia, *for Alec E. Brown, appellant.*

*Warren A. Kohn*, Columbia and *Howard R. Chapman,* Charleston, *for respondent, Melvin I. Whittle.*

Submitted Oct. 31, 1984.

Decided Dec. 5, 1984.

NESS, Justice:

This is an appeal from a supplemental order issued *ex parte* after the term of court ended. Appellants maintain the court was without jurisdiction. We agree and reverse.

Respondent brought suit alleging fraud and deceit and negligence in the sale of appellants' stock to him. Appellants demurred. The matter was heard in January 1982 and by order dated March 1982 the trial judge sustained the demurrers and denied respondent's motion to replead.

In June 1982 respondent sought and obtained a supplemental order *ex parte* permitting him to amend his first cause of action.

In *Barnett v. Piedmont Shirt Corporation*, 230 S. C. 34, 94 S. E. 1 (1956) we held where demurrers were argued during one term, an order sustaining the demurrers could properly be

issued after the end of the term. Jurisdiction over the matter then ends except for correction of mere clerical errors. *See also Brewton v. Shirley,* 93 S. C. 365, 76 S. E. 988 (1913).

Here, the supplemental order involved substantial amendments to the former order, not clerical errors. We hold the trial judge was without jurisdiction; therefore, the supplemental order is void. The former order sustaining the demurrers is reinstated.

The supplemental order was issued *ex parte.* We again admonish all judges in South Carolina that *ex parte* orders are seriously frowned upon by this Court.

Having concluded the supplemental order is void, discussion of other exceptions is unnecessary.

Reversed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.