23806

The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Respondent-Appellant v. Wiley B. EASTON, Sr., Patricia M. Easton and Wiley B. Easton, Jr., Appellants-Respondents.

(427 S.E. (2d) 640)

Supreme Court

*Charles F. Cooper, II*, and *W. Joseph Moore, Jr.*, of *Cooper, Coffas & Megna, P.A.*, Columbia, *for appellants-respondents.*

*Richard B. Watson* and *Thomas E. Lydon, III*, of *Nelson, Mullins, Riley & Scarborough, P.A.*, Columbia, *for respondent-appellant.*

Submitted Jan. 19, 1993.

Decided Feb. 16, 1993.

CHANDLER, Justice:

Appellants-Respondents (Eastons) appeal an Order granting a new trial, issued upon the Circuit Court's own initiative 229 days after judgment. Respondent-Appellant (C&S) has filed a cross-appeal from (1) the denial of its motion for judgment notwithstanding the verdict (JNOV) and (2) the denial of attorneys' fees. We reverse in part, affirm in part, and remand.

## FACTS

C&S commenced an action against the Eastons for collection of amounts owed pursuant to various personal guarantees of corporate[1] notes. The Eastons counterclaimed, asserting negligent misrepresentation as to the guarantee of one of the notes in the amount of $300,000.

Following a jury trial on December 18-20, 1990, a verdict was returned for C&S on its collection action; a verdict was also returned for the Eastons on their counterclaim.

C&S filed a motion for JNOV, but neither party moved for a new trial.

By Order dated August 6, 1991, C&S's motion for JNOV and attorney's fees was denied. However, upon its own initiative, the court ordered a new trial.

The Eastons appeal the granting of the new trial; C&S appeals the denial of its motion for JNOV and attorney's fees.

---

[1] The Eastons are family members and sole shareholders in Easton Construction Company, which is currently in bankruptcy.

## ISSUES

1. Did the trial court have jurisdiction to order a new trial upon its own initiative?
2. Was JNOV properly denied?
3. Is C&S entitled to attorneys' fees?

## DISCUSSION

### A. *New Trial*

Rule 59(d), SCRCP, provides that the court, upon its own initiative, may order a new trial "not later than 10 days after entry of judgment ... [a]fter giving the parties notice and an opportunity to be heard on the matter." This time limitation may not be extended. Rule 6(b), SCRCP; *Buxton v. Thompson Dental Co.,* — S.C. —, 415 S.E. (2d) 844 (S.C. App. 1992).

Here, the trial court was without authority to order a new trial beyond 10 days after entry of judgment, regardless of the pendancy of the Rule 50(b) motion of C&S. *Cf. Whittle v. Multiple Services, Inc.,* 283 S.C. 559, 324 S.E. (2d) 62 (1984); *Brewton v. Shirley,* 93 S.C. 365, 76 S.E. 988 (1913) (trial judge without jurisdiction to amend order, except for clerical errors, beyond term of court). Clearly, the order for a new trial, 229 days after judgment and without notice to the parties, was in error. It is set aside, and the verdict of the jury is reinstated.

### B. *Motion for JNOV*

C&S alleges that the trial court should have granted its motion for JNOV, contending the Eastons failed to prove damages arising from the claim of negligent misrepresentation. We disagree.

The evidence of record here, when viewed in the light most favorable to the Eastons, was sufficient to support the jury's finding that the Eastons were damaged in the amount of the $300,000 note which they had guaranteed. Accordingly, we find no error in the denial of the JNOV motion. *Graham v. Whitaker,* 282 S.C. 393, 321 S.E. (2d) 40 (1984).

### C. *Attorney's Fees*

C&S claims it is entitled to attorney's fees for this collection action and, as well, those fees incurred in connection with Easton Construction Company's bankruptcy proceedings.

The notes and guarantees at issue expressly provided for attorney's fees as follows:

> The undersigned will pay all expenses of Holder in the collection of this Note, including reasonable attorney's fees of 15% of the outstanding principal and interest when the Note is referred to any such attorney.

In *Dedes v. Strickland*, — S.C. —, 414 S.E. (2d) 134, 137 (1992), we held:

> With regard to the notes which provide for attorneys' fees at a specific rate in the event collection becomes necessary, it is a well established principle of law that where there is a contract providing for such, the amount of attorneys' fees is governed by the contract.

Since the guarantees provided for attorney's fees at a specific rate, we hold it was error to deny such fees. We remand for a determination of attorney's fees incurred by C&S in the collection of the notes, except, however, the $300,000 note which was the subject of the Easton's successful counterclaim.

C&S's claim for fees incurred in connection with the company's bankruptcy proceedings must be raised to the Bankruptcy Court which has sole jurisdiction of such claims against the debtor. 11 U.S.C.A. § 362(a)(1) (Supp. 1987).

The Order of the trial court is reversed in part, affirmed in part, and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.