494 S.E.2d 462

**Cecil COX and Wendy Cox, Appellants,**

v.

**FLEETWOOD HOMES OF GEORGIA, INC., South Atlantic Manufactured Homes of Aiken, Inc., Jerry Allen, d/b/a Allen Mobile Homes, and Mike Parker, d/b/a Reliable Mobile Homes Service, Respondents.**

**No. 2758.**

Court of Appeals of South Carolina.

Submitted Nov. 4, 1997.

Decided Dec. 8, 1997.

Rehearing Denied Jan. 22, 1998.

158

---

Frederick K. Jones, of Tolson & Jones, Florence, for appellants.

Marshall Winn, of Wyche, Burgess, Freeman & Parham, Greenville, for respondents.

HOWELL, Chief Judge:

Cecil and Wendy Cox, the Appellants, filed this action to recover damages for the purchase and installation of a defective mobile home. The circuit court granted a motion by South Atlantic Manufactured Homes of Aiken, Inc., and Jerry Allen, d/b/a Allen Mobile Homes, the Respondents, to enforce a settlement agreement. The Appellants appealed from this order, and this Court reversed and remanded for a determination of whether the settlement agreement was procured through fraud. *See Cox v. Fleetwood Homes of Ga.,* Op. No. 95–UP–202 (S.C.Ct.App. filed July 10, 1995). On remand, the circuit court concluded that the settlement was not fraudulently procured; thus, the settlement agreement should be enforced. The Appellants again appeal. We vacate and remand.

On appeal, the Appellants contend, *inter alia,* that the trial court lacked jurisdiction over the case after it was remanded by this Court. We agree.[1]

█ This case was filed in the Twelfth Circuit and originally was heard by Judge Burch, a resident judge of the Fourth Circuit, while he was assigned to the Twelfth Circuit. *See* S.C. Const. art. V, § 14 ("Judges of the Circuit Court shall interchange circuits and all judges shall be systematically rotated throughout the State as directed by the Chief Justice."); S.C.Code Ann. § 14–3–390 (1976) (providing for the rotation of circuit judges). When he issued the order after the case was remanded by this Court, Judge Burch was assigned to the Seventh Circuit.[2]

"The power of a circuit judge, after he has left the circuit, to issue an order on a matter heard by him while presiding within the circuit, is unquestioned." *Barnett v. Piedmont Shirt Corp.,* 230 S.C. 34, 38, 94 S.E.2d 1, 3 (1956); *see also First Carolinas Joint Stock Land Bank of Columbia v. Knotts,* 191 S.C. 384, 410, 1 S.E.2d 797, 808 (1939) (If a trial judge "has jurisdiction to hear a matter and the matter having

---

1. Given our decision on this issue, we do not reach the other issues raised by the Appellants.

2. The assignment of judges is a matter of public record, and we take judicial notice of Judge Burch's assignment to the Seventh Circuit during the relevant period.

been heard before him, he entertains jurisdiction until his decision is rendered."); S.C.Code. Ann. § 14–5–350 (1976) ("All regular and special judges shall have at chambers in any county within the circuit in which they are resident or in the circuit in which they are assigned to hold court all powers and jurisdiction which they have and exercise in open court in any county within such circuit, except for the determination of such matters as necessitate trial by jury."). Thus, the mere fact that Judge Burch was not in the Twelfth Circuit when he issued his order is not dispositive. Instead, the question is whether the judge who originally heard a case retains jurisdiction over the case after remand by an appellate court, without regard to the judicial circuit to which the judge is assigned at the time of the remand.

In *Shillito v. City of Spartanburg*, 215 S.C. 83, 54 S.E.2d 521 (1949), our Supreme Court considered the extent of a circuit judge's jurisdiction after the end of a term of court. The Court stated:

Ordinarily, a judge in our system of rotation of judges, duly assigned and empowered to hold court in another circuit, must exercise his judicial powers while within the territorial boundaries of such circuit. To this general statement of the rule there are some exceptions. Thus, it has been held that the visiting judge, after the adjournment of court in the designated circuit, may render his decision in a cause tried before him, or pass upon a motion heard by him, even after he has returned to his home circuit.

When a trial judge adjourns his court sine die, he loses jurisdiction of a case *finally determined* during that term, except under special circumstances, as where either by consent or acquiescence of counsel for both sides, or postponing determination of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed.

Any designated judge who has held court in another circuit than his own, has the power, notwithstanding his absence from such circuit, to decide *all matters which have been submitted to him within such circuit,* decide motions for new trials duly made, or perform any other act required

by law or the rules of the court in order to prepare any case so tried by him for review in an appellate court.

But the jurisdiction and power of a circuit judge goes no farther. The rule does not contemplate that after he has left the circuit, he shall decide any matter which has not been submitted to or heard by him while holding court in such circuit. No authority is given to him to hear and determine new matter, even though such new matter may arise in the same case.

*Id.* at 88–89, 54 S.E.2d at 522–23 (emphasis added) (citations omitted).

The Respondents contend that, because the question of fraudulent procurement of the settlement agreement was raised in the original hearing before Judge Burch, the issue for which this Court remanded the case was one that had been submitted to Judge Burch while he was in the Fourth Circuit. Accordingly, relying on *Shillito,* the Respondents argue that Judge Burch had jurisdiction over the case after remand. We disagree.

 Under *Shillito,* judges after leaving the circuit to which they were assigned have jurisdiction to decide matters submitted to them within the circuit. Thus, a judge outside the circuit may issue a ruling on motions heard while the judge was within the circuit or on motions for a new trial. However, once the judge issues a ruling disposing of the case, "his jurisdiction of the matter, except for the correction of merely clerical errors, end[s]." *Barnett,* 230 S.C. at 38, 94 S.E.2d at 3 (holding that, after issuing an order sustaining the defendant's motion for demurrer, the trial judge, who no longer was in the circuit where the case was filed, had no jurisdiction to issue another order giving the plaintiff the right to amend her complaint, notwithstanding the fact that the judge intended to provide for the plaintiff's right to amend in the first order). Thus, if the case is ultimately remanded by an appellate court, whether for consideration of a new issue or one that had been before the trial judge, the case returns to the circuit and may be heard by any judge having jurisdiction in that circuit, unless the appellate court explicitly orders that the case be remanded to the original trial judge. *Cf. Bunkum v. Manor Properties,* 321 S.C. 95, 467 S.E.2d 758 (Ct.App.

1996) (Master-in-equity who tried the case pursuant to an order of reference did not have jurisdiction over the case after it was remanded by the appellate court, absent specific authorization in the order of reference.), *cert. denied* (October 17, 1996). To conclude that a case remanded by an appellate court should be heard by the original presiding judge would require the parties "to go to distant parts, before a judge in another circuit, to be heard," *Shillito*, 215 S.C. at 89, 54 S.E.2d at 523, resulting "in confusion and inconvenience in the trial of cases and in the administration of justice." *Id.*[3]

■ Judge Burch was not assigned to the Twelfth Circuit, where the case was filed, when he issued his order finding no fraud in the procurement of the settlement agreement. Thus, Judge Burch lacked jurisdiction over the case after it was remanded by this Court. Accordingly, we hereby vacate Judge Burch's order dated May 30, 1996, and remand the case to the Twelfth Circuit to consider anew the question of fraudulent procurement as directed by this Court in *Cox v. Fleetwood Homes of Ga.*, Op. No. 95–UP–202 (S.C.Ct.App. filed July 10, 1995). *See Whittle v. Multiple Servs., Inc.*, 283 S.C. 559, 324 S.E.2d 62 (1984) (Because trial judge who had left the circuit lacked jurisdiction to issue a supplemental order substantially revising his previous order, the supplemental order was void.). Given the length of time since the initiation of this action, we leave it to the trial judge to determine whether the issue may be resolved on the record already established, or whether an evidentiary hearing is required.

VACATED AND REMANDED.

CURETON and HOWARD, JJ., concur.

---

3. Under our system of rotating assignment of judges, a judge ordinarily does not preside over a case from its initiation through its ultimate resolution after appeal. Thus, judges routinely decide issues arising in cases that have been or will be heard by a different judge.