512 S.E.2d 498

Cecil COX and Wendy Cox, Respondents–Petitioners,

v.

FLEETWOOD HOMES OF GEORGIA, INC., South Atlantic Manufactured Homes of Aiken, Inc., Jerry Allen, d/b/a Allen Mobile Homes, and Mike Parker, d/b/a Reliable Mobile Homes Service, Defendants,

Of Whom South Atlantic Manufactured Homes of Aiken, Inc., and Jerry Allen, d/b/a Allen Mobile Homes, are Petitioners–Respondents.

No. 24893.

Supreme Court of South Carolina.

Submitted Jan. 20, 1999.

Decided Feb. 1, 1999.

Marshall Winn and Wallace K. Lightsey, both of Wyche, Burgess, Freeman & Parham, of Greenville, for petitioners-respondents.

Frederick K. Jones, of Tolson and Jones, of Florence, for respondents-petitioners.

PER CURIAM:

Respondents-petitioners (buyers) and petitioners-respondents (sellers) have both filed petitions for writs of certiorari to review the Court of Appeals' decision in this matter. The buyers' petition is denied, and the sellers' petition is granted. We dispense with further briefing and reverse the decision of the Court of Appeals.

Buyers brought this action in Florence County, a county within the Twelfth Judicial Circuit, seeking to recover damages for the purchase and installation of an allegedly defective mobile home. Subsequently; sellers alleged that the parties had settled the case and asked the circuit court to enforce the settlement. Buyers opposed the motion arguing, among other things, that sellers had fraudulently procured the settlement.

Judge Burch, a resident judge of the Fourth Judicial Circuit then assigned to hold court in Florence County, granted the motion to enforce, but did not specifically rule on the allegations of fraud. In a timely motion to reconsider under Rules 52 and 59, SCRCP, buyers again raised the issue of fraud, but the judge denied the motion without specifically addressing the allegations of fraud. On appeal, the Court of Appeals reversed and remanded the case to the circuit court for a determination whether the settlement agreement was procured through fraud. *Cox v. Fleetwood Homes of Georgia, Inc.*, Op. No. 95–UP–202 (S.C. Ct.App. filed July 10, 1995). The opinion did not specifically remand the matter to Judge Burch.

On remand, Judge Burch, who was then assigned to hold court in the Seventh Judicial Circuit, made specific findings that the settlement had not been fraudulently procured. Therefore, he again issued an order enforcing the settlement agreement. By post-trial motion, buyers challenged the judge's jurisdiction to issue the order since he was not then assigned to hold court in the Twelfth Judicial Circuit. The judge denied this motion.

The Court of Appeals vacated the order and remanded. It concluded that the judge lacked jurisdiction because he was not assigned to the Twelfth Judicial Circuit at the time. *Cox v. Fleetwood Homes of Georgia, Inc.*, 329 S.C. 157, 494 S.E.2d 462 (Ct.App.1997). We disagree.

As a general rule, a judge assigned to a judicial circuit must exercise his judicial powers in that circuit while within the territorial boundaries of the circuit. *Shillito v. City of Spartanburg*, 215 S:C. 83, 54 S.E.2d 521 (1949). Further, a judge assigned to hold court in a circuit in which he is not a resident must generally exercise judicial duties relating to the circuit during the period of the assignment. *Hines v. Farr*, 235 S.C. 436, 112 S.E.2d 33 (1960).

These limitations are, however, subject to several exceptions. One of these exceptions is that a judge may issue an order regarding matters which were submitted to the judge while presiding in the circuit. *Barnett v. Piedmont Shirt Corp.*, 230 S.C. 34, 94 S.E.2d 1 (1956); *Shillito v. City of Spartanburg, supra; Chafee v. Rainey*, 21 S.C. 11 (1884). Another exception is that a judge retains jurisdiction to consider timely post-trial motions even though no longer assigned to the circuit. Rules 50(e), 52(c) and 59(f), SCRCP.

In the present case, the first opinion of the Court of Appeals remanded the case to the circuit court to make a specific ruling on the allegations of fraud. Since the parties had already been afforded the opportunity to present evidence and make argument on the issue of fraud, no further hearing was required. If a judge has jurisdiction to consider matters which are submitted to him in the circuit or by timely post-trial motion, we see no reason to have a different rule if such matters are resubmitted by an appellate court for more specific findings and conclusions.

In our opinion, where a case is remanded on appeal to make more specific factual findings or conclusions of law which do not require any additional hearing, the judge who issued the original order has the authority to issue an amended order even though the judge is not a resident of or then assigned to hold court in the judicial circuit where the case arose. Accordingly, we reverse the opinion of the Court of Appeals and reinstate the order enforcing the settlement.

REVERSED.