THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jara Uzenda Gobbi, Appellant,
v.
Peoples Federal Bank, Richard M. Lovelace, Jr., and Lynette R.
Hedgepath, Respondents.
 
 
 

Appeal From Horry County
 James E. Lockemy, Circuit Court Judge
 Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2006-UP-245
Submitted May 1, 2006  Filed May 16, 2006

AFFIRMED

 
 
 
Jara Uzenda Gobbi, of Myrtle Beach, for Appellant.
Elizabeth S. Gordon, of Charleston, Lynette Rogers Hedgepath and Richard M. Lovelace, Jr., both of Conway; for Respondents.
 
 
 

PER CURIAM:  In this action arising out of the transfer of a deed and subsequent procurement of a mortgage, Jara Uzenda Gobbi appeals the circuit courts order dismissing all of her causes of action.  Gobbi argues the court erred in:  (1) finding it had jurisdiction to hear the motions in the case; (2) declining to grant her motion to enlarge the time to file a motion to reconsider; (3) failing to give proper notice of the hearing; and (4) finding she had to comply with previously-issued circuit court orders despite the existence of outstanding motions.  We affirm.[1]
FACTS
On June 26, 2002, Gobbi commenced this action against Peoples Federal Bank, and attorneys Richard M. Lovelace, Jr. and Lynette R. Hedgepath (Respondents).  In her complaint, Gobbi contended Lovelace coerced and tricked her into converting a Myrtle Beach lot, which was designated as a business asset, to a marital asset.  She alleged that Lovelace, who proceeded to represent her husband in a divorce action, persuaded her to deed the property so that it would become subject to equitable division in family court.  Additionally, Gobbi asserted the law firm of Lovelace and Hedgepath issued defective title insurance on the deed.  Finally, Gobbi claimed Peoples Federal Bank improperly executed a mortgage on the property.  Based on these allegations, Gobbi sought a declaratory judgment and raised the following causes of action concerning Lovelace:  (1) fraudulent conveyance; (2) negligent misrepresentation; (3) breach of contract; and (4) breach of trust.  As to the law firm of Lovelace and Hedgepath, Gobbi claimed legal malpractice.  Gobbi also asserted a cause of action for breach of fiduciary duty against Peoples Federal Bank.  As to all defendants, Gobbi claimed:  (1) civil conspiracy; (2) fraud; and (3) intentional infliction of emotional and financial harm. 
In response, Lovelace generally denied the allegations and raised the following affirmative defenses:  (1) the three-year statute of limitations; (2) res judicata; and (3) the South Carolina Frivolous Proceedings Act.  Lovelace also sought a temporary injunction prohibiting Gobbi from filing any other actions or motions in Horry County until after her current action was resolved.  In conjunction, Lovelace filed motions to dismiss pursuant to Rule 12(b)(6), SCRCP, the three-year statute of limitations, and res judicata.  Lovelace also moved pursuant to Rule 12(e), SCRCP for Gobbi to make a more definite statement of her causes of action. 
Similarly, Hedgepath generally denied Gobbis allegations and raised the following affirmative defenses:  (1) failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP; (2) failure to plead the specific elements of fraud as required by Rule 9(b), SCRCP; (3) the three-year statute of limitations; (4) abuse of process; and (5) the South Carolina Frivolous Proceedings Act.   Hedgepath also sought a temporary injunction against Gobbi.  On the same date that Hedgepath filed her answer and counterclaim, she filed motions to dismiss which were identical in substance to Lovelaces motions.
Peoples Federal Bank also generally denied Gobbis allegations and asserted Gobbis complaint should be dismissed for the following reasons:  (1) inadequate service of process; (2) failure to state facts sufficient to state a cause of action pursuant to Rule 12(b)(6); (3) collateral estoppel; (4) the three-year statute of limitations; (5) failure to plead the requisite elements of fraud; and (6) failure to plead special damages as required for a cause of action for conspiracy. 
When conflict arose between the parties regarding discovery issues, the case was set for a hearing on September 18, 2002, before Circuit Court Judge James E. Lockemy.  On the day of the hearing, Judge Lockemy issued a form order in which he ordered Gobbi to be available for Lovelace to depose her within thirty days from the date of the order.  Judge Lockemy also discussed with the parties about scheduling another hearing to rule on the parties pending motions. 
On February 14, 2003, Judge Lockemy held a hearing on the parties outstanding motions.  At the conclusion of the hearing, Judge Lockemy orally ruled and issued a form order in which he took under advisement Lovelaces motion to dismiss for res judicata.  He struck Gobbis causes of action for breach of trust, intentional infliction of emotional and financial harm, and financial harm.  As to Gobbis remaining causes of action, Judge Lockemy ordered Gobbi to:  (1) fully answer Peoples Federal Banks request to produce within fourteen days; (2) obtain within forty-five days an affidavit from an attorney establishing the standard of care for legal malpractice and outlining how Lovelace and Hedgepath deviated from this standard; (3) make more definite and certain her claim for fraud and to state with specificity her damage claims for all causes of actions; and (4) to appear at a scheduled deposition and bring all of her documents supporting her claims against Respondents.   Additionally, Judge Lockemy instructed the parties that Gobbis lawsuit would be treated as a cause of action for damages as opposed to declaratory judgment action requested by Gobbi.
Because Gobbi failed to comply with the mandates of the February 14, 2003 order, Judge Lockemy issued an order on April 14, 2003, in which he struck Gobbis causes of action for legal malpractice and fraud.  He also granted Gobbi an additional thirty days to definitively state her claims for damages.  Finally, Judge Lockemy informed the parties that he would no longer be presiding over the case because he had been called to report for active military duty on April 21, 2003.  He requested the pending motions to dismiss be placed on the motions calendar and reassigned to another judge by the Chief Administrative Judge. 
On May 9, 2003, Gobbi filed a motion to enlarge the time to file a motion for reconsideration of Judge Lockemys orders dated February 14, 2003, and April 14, 2003.  Because Judge Lockemy requested that the case be assigned to another judge, Gobbi moved for the two orders to be stayed until another judge was assigned.
Ultimately, the case was assigned to Circuit Court Judge Edward B. Cottingham who held a hearing on January 5, 2004, to resolve the parties outstanding motions.  During the hearing, Judge Cottingham  informed the parties that he had been assigned the case as a result of Judge Lockemys military service.  Specifically, Judge Cottingham found Judge Lockemy was unavailable and, thus, he assumed jurisdiction over the case.  After hearing arguments from the parties, Judge Cottingham declined to overrule Judge Lockemys orders and found that Gobbi had not complied with these orders. Based on this finding, Judge Cottingham dismissed Gobbis remaining causes of action in an order dated January 5, 2004.  
On January 28, 2004, Gobbi filed a motion for reconsideration of Judge Cottinghams order.  In her motion, Gobbi raised several issues including a challenge to Judge Cottinghams jurisdiction to hear her motion to reconsider Judge Lockemys orders.  Gobbi also requested a hearing on her motion.  
Without holding a hearing, Judge Cottingham ruled on Gobbis motion.    By order dated April 6, 2004, Judge Cottingham found upon review of the case file that Gobbi had not filed a motion to reconsider Judge Lockemys orders.  Instead, Judge Cottingham noted that Gobbi had only filed a motion to enlarge the time to file a motion for reconsideration.  Based on this procedural error, Judge Cottingham concluded that Gobbi had not timely filed her motion to reconsider and, thus, Judge Lockemys orders dated February 14, 2003, and April 14, 2003, were the law of the case.  Because Gobbi had failed to comply with the terms of these orders, Judge Cottingham dismissed Gobbis remaining causes of action.  This appeal followed.
DISCUSSION
I.  
Gobbi argues Judge Cottinghams order should be deemed void or voidable for lack of jurisdiction.  Specifically, she contends that Judge Lockemy retained jurisdiction over any motions to reconsider his orders and, thus, Judge Cottingham was without jurisdiction to rule on Judge Lockemys orders.  We disagree.
Rule 63 of the South Carolina Rules of Civil Procedure governs the disposition of this issue.  Rule 63 provides:

If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then the resident judge of the circuit or any other judge having jurisdiction in the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

Rule 63, SCRCP.[2]
Initially, we note that Gobbi appeared to recognize that Judge Lockemy would be unavailable due to his military duty to rule on any motions after he issued the order dated April 14, 2003.  Significantly, in her motion to enlarge the time to file a motion for reconsideration, Gobbi requested additional time to file her motion until another judge is assigned.  At which time, the issues presented to Judge Lockemy should be revisited.  Based on this statement, we question whether Gobbi waived any right to challenge Judge Cottinghams authority to rule on her motion.  
In any event, we find the proper procedure was followed pursuant to Rule 63, SCRCP.  By his order dated April 14, 2003, Judge Lockemy informed the parties that he was being deployed for active military duty on April 21, 2003, and requested that the case be assigned to another circuit court judge.  Pursuant to this request, the Chief Administrative Judge assigned the case to Judge Cottingham.  At the hearing on January 5, 2004, Judge Cottingham again informed the parties that he would hear the outstanding motions because Judge Lockemy was unavailable to preside over the case.  Because Judge Lockemy was unable to perform the duties to be performed by the court, we hold Judge Cottingham had authority to hear the parties outstanding motions.  See Ness v. Eckerd Corp., 350 S.C. 399, 403, 566 S.E.2d 193, 196 (Ct. App. 2002) (applying Rule 63, SCRCP and finding that another circuit court judge should have heard partys Rule 59(e) motion where original circuit court judge denied partys motion to set aside an entry of default and then recused himself before ruling on the Rule 59(e) motion).
II.
Gobbi argues Judge Cottingham erred in refusing to grant her motion to enlarge the time to file a motion for reconsideration of Judge Lockemys orders.  She contends the motion was valid and properly presented to Judge Lockemy and the Chief Administrative Judge.  We disagree.
Rule 59(e) of the South Carolina Rules of Civil Procedure provides, A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.  This ten-day time limit may not be extended.  See Rule 6(b), SCRCP (The time for taking any action under Rules 50(b), 52(b), 59, and 60(b) may not be extended except to the extent and under the conditions stated in them.); Leviner v. Sonoco Prods. Co., 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) (Under Rule 59(e), SCRCP, the trial judge has only ten days from entry of judgment to alter or amend an earlier order on his own initiative absent a reservation of jurisdiction in the form order.); see also Citizens & S. Natl Bank of South Carolina v. Easton, 310 S.C. 458, 460, 427 S.E.2d 640, 641 (1993) (holding trial court was without authority to order a new trial beyond 10 days after entry of judgment, regardless of the pendency of the Rule 50(b) motion).   
In the instant case, Judge Lockemy issued orders dated February 14, 2003, and April 14, 2003.  Gobbi did not file a motion for reconsideration within the ten-day limit.  Instead, she waited until May 9, 2003, to file a motion to enlarge the time to file the motion for reconsideration.  As evidenced by the above-outlined rules of procedure and case law interpreting the rules, Judge Cottingham lacked jurisdiction to enlarge the time for Gobbi to file a motion for reconsideration.  Therefore, we find Judge Cottingham properly denied Gobbis motion and affirmed Judge Lockemys orders.
To the extent that Gobbi argues the ten-day time limit was tolled because Judge Lockemys orders were, in her assessment, interlocutory, we find this argument is not preserved for our review.  A review of Gobbis Rule 59(e) motion challenging Judge Cottinghams order reveals that Gobbi did not raise this argument.  Thus, she is raising it for the first time on appeal.  Accordingly, we decline to address this argument.  See 
Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004) (recognizing that in order for an issue to be preserved for appellate review, with few exceptions, it must be raised to and ruled upon by the trial court); see also Hawkins v. Mullins, 359 S.C. 497, 502, 597 S.E.2d 897, 899 (Ct. App. 2004) (noting an issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment).
III.
Finally, Gobbi asserts Judge Cottinghams order should be deemed a nullity because she was not given proper notice of what would be considered at the hearing.  We disagree.
We find Gobbis assertion to be without merit.  Gobbi filed her motion entitled Motion to Enlarge Time Pursuant to Rule 6(b), to move for reconsideration pursuant to Rule 59(e), on the Basis of Rule 43(I), for a Stay Pursuant to Rule 62(b), and for Service of the Order Recusing Judge Breeden in this Matter Pursuant to Rule 5(b) on May 9, 2003.  Judge Cottingham held the hearing on January 5, 2004, which would appear to be sufficient time for Gobbi to prepare to argue her motion.  At the hearing, Judge Cottingham inquired whether Gobbi had received a copy of the roster listing the pending motions to be considered at the hearing.  Although Gobbi acknowledged receiving the roster, she questioned whether her motion to reconsider was in fact listed as a pending motion.  Based on our review of the record, we find Gobbi was apprised of what she would be asked to argue at the January 2004 hearing before Judge Cottingham.  Therefore, we find Judge Cottingham properly considered Gobbis motion at the hearing.
CONCLUSION
Because Judge Lockemy was unable to continue to preside over the case after he issued the order dated April 14, 2003, we find Judge Cottingham had jurisdiction to rule on the parties outstanding motions.  Furthermore, we hold Judge Cottingham properly declined to grant Gobbis motion to enlarge the time to file a motion for reconsideration.  Given there was no timely motion for reconsideration filed, we find Judge Cottingham correctly upheld Judge Lockemys orders and concluded Gobbi failed to comply with the mandates of these orders.
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   We note that Rule 63 was amended by order dated April 28, 2004.  The amended version of the rule provides:

If at any time after a trial or hearing has been commenced, but before the final order or judgment has been issued, the judge is unable to proceed, a successor judge shall be assigned. The successor judge may proceed upon certifying familiarity with the record and determining that the proceedings may be completed without prejudice to the parties. In a hearing or a trial without a jury, the successor judge shall, at the request of a party, recall any witness whose testimony is material and disputed and who is available to testify without undue burden. A successor judge may also provide for the recall of any witnesses.

Rule 63, SCRCP.  Because the amendment took effect after Judge Cottingham was assigned to the case in January 2004, we cite to the earlier version of the rule.