16369

FOUCHE *ET AL.* v. ROYAL INDEMNITY CO. OF NEW YORK

(60 S. E. (2d) 73)

148

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellants,*

*Messrs. William S. Hope,* of Charleston, and *T. B. Bryant, Jr.,* of Orangeburg, *for Respondent,*

June 13, 1950.

FISHBURNE, Justice.

The plaintiffs, who are sisters seek to recover the sum of $14,786.47, with interest, upon a surety bond executed by

the Royal Indemnity Company of New York on September 18, 1925. The bond, in the sum of $125,000.00, was given to qualify Parnell Whaley, mother of the plaintiffs, as administratrix of the estate of V. T. Whaley, their father, in the Probate Court of Orangeburg County.

Plaintiffs allege that their mother, the administratrix, in her final accounting, wrongfully took credit for two items totaling the amount sued for, comprising, (1) Commissions in the sum of $5,586.47, to which she was not entitled because of her failure to file annual returns; (2) The sum of $9,200.00, representing $200.00 per month for forty-six consecutive months for the care and support of herself and her two children, the plaintiffs herein, during the period covered by the administration.

This case has heretofore been on appeal to this court, as will appear from the report of *Fouche v. Royal Indemnity Company of New York,* 212 S. C. 194, 47 S. E. (2d) 209. The former appeal involved questions of venue, parties and pleadings. The effect of the judgment rendered left the answer admitting the execution of the bond as surety for the administratrix, but denying generally all the allegations with reference to the taking of wrongful credits.

A consent order was passed, referring the cause to the master of Orangeburg County to take the testimony and pass upon all of the issues. While the cause was before the master, a motion was made by the defendant which in effect set up the defense that under Section 213 of the Code relating to the discharge of administrators, the judgment of the probate court of Orangeburg County discharging the administratrix constituted a bar to this action. The order of the probate court provided: "That the said Parnell Whaley be and hereby is, from henceforth and forever, discharged and dismissed from all liability as administratrix as aforesaid, and from any other or further accounting concerning the said estate."

The controversy in this cause arose out of the following facts: In September, 1925, V. T. Whaley, a resident of Orangeburg County, died intestate, leaving the plaintiffs and their mother, Parnell Whaley, as his only heirs and distributees. The older of the plaintiffs was four years of age at the time of her father's death, and the younger was born three months thereafter, in December, 1925. V. T. Whaley left a large estate, consisting of personal assets having a face value of $166,927.90; and approximately 2,300 acres of land divided into fourteen tracts, and a number of lots, all appraised at $82,050.00. The administration of the estate resulted in much litigation; the final settlement was made by the administratrix, and her discharge was granted by the Probate Court in September, 1929. She died about one year thereafter.

The special referee held in effect, that the plaintiffs were not made parties to the application for discharge; hence, they were not barred by Code Section 213. He further found and reported that the administratrix filed only two returns: one on July 29, 1929, designated "Final Account," and the other on September 20, 1929, designated "Supplementary Final Account." He held that inasmuch as the administratrix had failed to file annual returns as required by the applicable statute (Code Sec. 9012), she was not entitled to commissions, except on the disbursements appearing in the supplementary return, including the amounts shown therein as paid to the plaintiffs on their shares. With reference to the credit taken by the administratrix in the sum of $9,200.00 for the support of herself and her two minor children during the time the estate was in process of administration, the master held that this was a proper and lawful disbursement, and reasonable in amount.

When the cause came on to be heard in the circuit court, upon exceptions filed by the plaintiffs and the defendant, the court rendered its judgment holding that the action of the plaintiffs was barred by Section 213 of the Code. It was ad-

judged that the discharge granted by the probate court of Orangeburg County, constituted a final adjudication that the administratrix had administered the estate in accordance with law, and that the plaintiffs are bound thereby. The circuit court also held adversely to the contention of the plaintiffs with reference to the claims for commissions and for support.

The appellants, plaintiffs below, now seek by this appeal to reverse the judgment of the lower court.

The trial court held that the action of appellants constituted a collateral attack upon the judgment of the probate court, which approved the final accounting of the administratrix and passed an order granting her a discharge. And, further, that the order of discharge was not void on its face, nor did the judgment roll affirmatively disclose that the court was without jurisdiction of the appellant. We will just consider the exception relating to this issue.

The appellants allege in their complaint that they were not parties to the proceeding in the Probate Court in which the letters dismissory were issued, that no guardian ad litem was appointed for either of them prior to the discharge of the administratrix, and hence the probate court did not have jurisdiction of them. In support of this contention, attention is called to the fact that the judgment roll in the probate court contains no petition for the appointment of guardians ad litem, and no order making such appointment.

The record of the probate court introduced in evidence, shows that the notice of final settlement was duly published as required by Section 213 of the Code, for the period of one month, to the effect that on a day certain application would be made to the probate court for a final discharge. In the order of discharge it is recited that the administratrix presented her petition setting forth that the duties of the administratrix had been fully discharged, and praying leave to submit her final account. Prior to the discharge, the Edisto National Bank of Orangeburg was appointed as gen-

eral guardian of the appellants, and receipted for their shares. The final discharge was granted as advertised in the notice, in September, 1929. No petition for the appointment of guardians ad litem for the appellants, nor any order appointing such guardians were found in the judgment roll. As to this, the record is silent.

As pointed out in the decree of the circuit court, there are three ways of attacking a judgment: (1) Collaterally; (2) Directly, by a motion in the cause between the same parties; (3) An action in equity upon equitable grounds. *Scott v. Newell,* 146 S. C. 385, 144 S. E. 82.

There can be no doubt that the action of the appellants constitutes a collateral attack on the judgment of the probate court approving the final accounting of the administratrix and granting her a final discharge.

The paramount question before us on this issue is whether the absence from the judgment roll of a petition and order showing the appointment of a guardian ad litem for the appellants renders the probate court judgment void on its face.

The probate court of Orangeburg County which rendered the judgment in this case is a court of record, and had full jurisdiction over the administration proceedings. It has been held in many cases in this state that a judgment is not open to successful collateral attack unless void on its face, or upon an inspection of the judgment roll. This principle seems to be self evident, and the authority of adjudged cases support it.

It was stated in *South Carolina National Bank of Charleston v. May,* 211 S. C. 290, 44 S. E. (2d) 836, 838: "Where the jurisdictional defect does not affirmatively appear on the face of the record, the proceedings in the probate court are not void, but merely voidable, and cannot be collaterally attacked or questioned except in a di-

rect proceeding brought for that purpose. *Petigru v. Ferguson,* 6 Rich. Eq. 378; *Turner v. Malone,* 24 S. C. 398."

■ It is not absolutely essential that all the facts necessary to give jurisdiction of the parties in the probate court shall appear upon the face of the record. Where the record is silent, as in this case, the presumption is that all necessary jurisdictional facts appear, and no collateral attack can be made upon the judgment, unless it affirmatively appears upon the face of the record that the court had no jurisdiction of the parties. *Barnes v. Leevy,* 112 S. C. 426, 100 S. E. 169; *Clark v. Neves,* 76 S. C. 484, 57 S. E. 614, 616, 12 L. R. A., N.S., 298.

In *Clark v. Neves, supra,* it was said:

■ "When it appears affirmatively on the face of the record that an infant has not been served with summons, the infant is not bound by the proceedings. *Bailey v. Bailey,* 41 S. C. 337, 19 S. E. 669, 728, 44 Am. St. Rep. 713. If the record is silent as to such jurisdictional matters with respect to a court of general jurisdiction, it will be presumed that what ought to have been done was done; but, when the record discloses the manner in which service on an infant was attempted to be made, there is no presumption that they were served in any other way. *Rice v. Bamberg,* 59 S. C. 505, 38 S. E. 209. The rule which applies as to courts of general jurisdiction applies also to the court of probate. *Thomas v. Poole,* 19 S. C. 323; *Turner v. Malone,* 24 S. C. 398; *Hendrix v. Holden,* 58 S. C. 495, 527, 36 S. E. 1010 * * * .

"In view of the long lapse of time, the possibility that portions of the record may have been lost or misplaced, and the presumptions that must be indulged wherever the record is silent, we must hold that plaintiffs were parties to the proceedings in the probate court, and were thereby divested of all their interest in the premises. Under this view the circuit court erred in not directing a verdict for defendant and dismissing the complaint in each of the cases."

In this case, in effect, we are asked to vacate and set aside a judgment of a court possessing full jurisdiction, rendered more than twenty years ago.

Appellants' line of argument is that, because the judgment roll does not contain papers showing the appointment of a guardian *ad litem,* therefore it appears affirmatively that no such appointment was made. With this contention, we cannot agree. It has been repeatedly held by this court, as heretofore pointed out, that when the validity of a judgment is sought to be attacked collaterally on the ground of want of jurisdiction, the jurisdiction is to be conclusively presumed, unless the contrary affirmatively appears on the face of the record itself; that this presumption obtains when the record is silent upon the jurisdictional fact, as well as where it affirmatively states or recites it.

In our opinion, the want of jurisdiction of the appellants does not affirmatively appear on the face of the record in the probate court. The mere absence from the judgment roll of certain papers which ought to have been made a part of it, and which, if included, would affirmatively show that jurisdiction had been acquired, is not enough to make it affirmatively appear from the face of the record that the court had no jurisdiction of the parties.

In *Branyon v. Smith,* 157 S. C. 434, 154 S. E. 632, 635, the court quoted with approval what was said by Chancellor Harper in *Cruger v. Daniel, Riley Eq.,* 102, 110, in which case there was no proof of service or process of any kind: "We have no doubt, but we must recognize the validity of the decree of 1790, and that it is conclusive as to everything determined by it, on all who were parties to it, and their representatives and privies. We have no doubt either, but that every presumption is to be made in favor of the regularity of the proceedings of the Court, and that we must take for granted that all persons were properly made parties, on whose rights as parties the decree purports to decide. This is the presumption in every case in relation to the proceedings

of Courts—and more especially after so great a lapse of time, with us, where records are so carelessly preserved. If we should require the production of every subpoena, with proof of service, or the proof of every order of publication to make parties, it would be to obliterate all the ancient proceeding of our courts."

In *Coogler v. Crosby*, 89 S. C. 508, 72 S. E. 149, we have the holding: "The entire absence of proof of service is not to be taken as conclusive evidence that no such service was made; on the contrary, the court before which the judgment roll is offered in evidence must presume that the court, on the hearing of the case in which the judgment was rendered, had before it proper proof of the service of the summons, or it would not have rendered the judgment."

In the recital of facts in *Bagwell v. Hinton*, 205 S. C. 377, 32 S. E. (2d) 147, 155, the Court states: "This is the only return to the Probate Court made by Mrs. Bagwell and she was thereafter, on April 30, 1934, discharged as the guardian of the plaintiff. This discharge has never been set aside, so it must be assumed that the law was fully complied with by making the *cestui que* trust a party to the proceeding, thereby making the discharge binding on him."

As heretofore stated, the record in the probate court of Orangeburg County does not affirmatively disclose that the court was without jurisdiction of these appellants, hence their collateral attack on the judgment cannot succeed, and the order of discharge is binding upon them.

In view of our holding, it becomes unnecessary to consider the other questions referred to, presented by this appeal.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.