22674

Sophia Johannah Dierks YARBROUGH, Respondent v. W. W. COLLINS, Jr., Lynn Webster Collins, The Bank of Beaufort, and Earl L. Orr; Alice Bryan, Marion Fripp, Vivian Fripp, E. Kenneth Baker, Georgia Bryan, the Heirs at Law of Simon Walker, William H. Boyd, if living and if not living, then to the Heirs at Law and Distributees of William H. Boyd, Trust Company of Savannah, Clara Martin, Such Heirs at Law of Paris Myers, other than Susie Myers Miller, Charles Myers, Elijah Myers, and Josh Myers, as may be living, and all other persons unknown having or claiming any right, title, estate, or interest in or lien upon the real property described in the complaint herein, being designated collectively as John Doe and Richard Roe, including any heirs, distributees or devisees or any unknown defendants who may now be deceased and including all minors, persons in the military services, insane persons and all other persons under disability who have or may have or claim to have any right, title or interest in or lien upon the real property, described in the complaint herein, Defendants, of whom W. W. Collins, Jr., Lynn Webster Collins, and Earl L. Orr are Petitioners.

(360 S. E. (2d) 300)

Supreme Court

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head, *for petitioners.*

*James A. Grimsley, III,* of *Levin, Sams, Grimsley & Treask,* Beaufort, *for respondent.*

Writ Issued April 21, 1987.

Submitted Aug. 3, 1987.

Decided Aug. 10, 1987.

*Per Curiam:*

This is an action to quiet title to certain property on Daufuskie Island. We granted certiorari to review the Court of Appeals' decision in *Yarbrough v. Collins,* 290 S. C. 76, 348

S. E. (2d) 194 (Ct. App. 1986). We now reverse and remand the matter to the circuit court for proceedings consistent with this decision.

When respondent brought this action, petitioners alleged, among other things, that certain property was theirs as a result of a default judgment against respondent obtained by petitioners' predecessor-in-interest (Richardson). The Court of Appeals held that this default judgment was unenforceable against respondent because of a jurisdictional defect. We disagree.

In South Carolina, a person may be served by publication when she is a nonresident property owner, the court has subject matter jurisdiction, and she cannot, with due diligence, be located within the state. S. C. Code Ann. § 15-9-710(3) (1976). An order of publication is issued upon an affidavit to the effect that these three facts are true "to the satisfaction" of the issuing clerk or judge. The record indicates that respondent was served pursuant to this procedure in the Richardson default case.

A judgment may be collaterally attacked if the court lacked jurisdiction and the lack of jurisdiction appears on the face of the record. *Turner v. Malone*, 24 S. C. 398 (1886). The Court of Appeals concluded that a jurisdictional defect existed on the face of Richardson's default judgment because the publication affidavit contained only a conclusory statement that due diligence had been exercised and failed to set forth any facts showing that diligence had, in fact, been exercised. *Yarbrough, supra*, 290 S. C. at 82-83, 348 S. E. (2d) at 198. Petitioners contend the Court of Appeals has added requirements to the publication affidavit which are not required by the statute. We agree.

In 1882, this Court rejected the argument that a publication affidavit was insufficient because it contained only conclusory statements. *Yates v. Gridley*, 16 S. C. 496 (1882). The Court said:

> The [statute] does not specify the character of the facts and circumstances which must be stated in the affidavit or the quantity of evidence necessary to satisfy the officer before ordering publication. It simply requires that it must appear to his satisfaction ... [and] when he

is satisfied, in the absence of fraud or collusion, it is final. *Id.* at 500.

*See also Gibson v. Everette,* 41 S. C. 22, 19 S. E. 286 (1893); *National Exchange Bank v. Stelling,* 31 S. C. 360, 9 S. E. 1028 (1889). There is no allegation in this record that Richardson obtained the publication affidavit by fraud or collusion. Therefore, the Court of Appeals erred in considering the sufficiency of the affidavit. It was error to hold that Richardson's default judgment was void against respondent because the affidavit does not constitute a jurisdictional defect apparent on the face of the record.

The Court of Appeals also noted that the order of publication contained some factual statements different from those found in the publication affidavit. These differences do not constitute a jurisdictional defect which will support a collateral attack on the judgment. *See Fouche v. Royal Indemnity Co.,* 217 S. C. 147, 60 S. E. (2d) 73 (1950); *Gladden v. Chapman,* 106 S. C. 486, 91 S. E. 796 (1917). Finally, we have reviewed the grounds relied upon by the circuit court in holding the default judgment void and find that neither of these grounds constitutes a jurisdictional defect apparent on the face of the record.

The default judgment may be validly asserted against respondent's claim. We are unable to determine from the record before us whether petitioners' property constitutes all or any part of the property claimed by respondent. Therefore, this matter is remanded to the circuit court to redetermine the merits of this action in light of our holding that the respondent is bound by the default judgment. Accordingly, the decision of the Court of Appeals is

Reversed and remanded.

CHANDLER, J., not participating.