2381

Robert Lewis MILES, Sr., Appellant v. Linda LEE, Respondent. In re Robert Lewis MILES, Jr., a/k/a Robert Wayne Lee, D.O.B., 5/31/85.

(460 S.E. (2d) 423)

Court of Appeals

*William H. Burkhalter*, North Augusta, *for appellant.*

*Franklin D. Beattie*, Aiken, *for respondent.*

Heard May 2, 1995.

Decided July 17, 1995; Reh. Den. Aug. 24, 1995.

HOWARD, Judge:

Robert Lewis Miles, Sr. (the father) collaterally attacked a final Decree of Adoption that terminated his parental rights with his son, Robert Lewis Miles, Jr. The father asserts the decree is void because of defective service. He claims Linda Lee (the mother) did not exercise due diligence as required by statute to establish a basis for service by publication. The family court denied relief to the father. We conclude the affidavit supporting publication notice is facially defective. As a result, service by publication was improper and the court lacked jurisdiction over the father in the adoption proceeding. We reverse the family court's refusal to set aside the adoption decree.

Robert Lewis Miles, Jr. was born to the father and mother on May 31, 1985. The parties divorced on May 2, 1988, and custody was placed with the mother. There is substantial disagreement between the parties over subsequent events concerning their son, including the father's payment of child support and their father's attempts at visitation. Because these factual issues may be the subject of further litigation and are not necessary to a disposition of this appeal, we decline to address them.

The mother married Kenneth Wayne Lee on June 9, 1989. Lee then initiated the adoption proceeding, which ended in the decree terminating the father's parental rights and granting the adoption on May 1, 1991. The father filed this action to attack the adoption on the ground that he was not afforded notice of the adoption proceedings. The father was served in the adoption action by publication, pursuant to S.C. Code Ann. Section 15-9-710(6) (Supp. 1994), which reads in pertinent part as follows:

When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, the clerk of the court of common pleas, the master, or the probate judge of the county in which the cause is pending and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a proper party to an action . . . the clerk . . . may grant an order that the service be made by the publication of the summons in any one or more of the following cases:

(6) when the defendant is a party to an adoption proceeding and is either a nonresident or a person upon whom service cannot be had within the State after due diligence; . . .

The father was served by publication when the summons was printed in the *Chattanooga News-Free Press* of Chattanooga, Tennessee. The father contends the mother did not comport with the statute and the publication notice was improper. Therefore, the judgment granting the adoption and terminating the father's parental rights is void for want of jurisdiction.

The father argues the affidavit supporting publication is facially defective. The affidavit submitted in support of the order of publication reads in part: "[T]he following named Defendant cannot, after due diligence (sic), be found within this State, to wit: *KENNETH WAYNE LEE.* . . ." The father, Robert Lewis Miles, who was the actual defendant in the adoption/termination of parental rights proceeding, is not the named subject of the affidavit.

In *Yarbrough v. Collins*, 293 S.C. 290, 360 S.E. (2d) 300 ■ (1987), the Supreme Court noted that a judgment can be successfully attacked if the court issuing the judgment lacked jurisdiction and the lack of jurisdiction appears on the face of the record. *See also Prevatte v. Prevatte*, 297 S.C 345, 377 S.E. (2d) 114 (Ct. App. 1989).

In *Fouche v. Royal Indemnity Co.*, 217 S.C. 147, 60 S.E. (2d) 73 (1950), the Supreme Court distinguished between a record which is silent as to jurisdictional matters such as service and a record which discloses the manner of service. In

*Fouche* the plaintiffs collaterally attacked a prior probate court judgment for lack of jurisdiction over them. At the time of the original probate proceeding, the plaintiffs were infants and the probate order was held to be binding upon them. Twenty years later, however, the plaintiffs asserted the probate court had lacked jurisdiction because the record did not contain a petition and order showing a guardian ad litem had been appointed for them at the time of the probate proceeding. The court held that where the record is silent, "the presumption is that all necessary jurisdictional facts appear, and no collateral attack can be made upon the judgment, unless it affirmatively appears upon the face of the record that the court had no jurisdiction of the parties." *Id.* at 154, 60 S.E. (2d) at 75. When the record is silent, the court will presume that what should have been done was done, but when the record "discloses the manner in which service on [a party] was attempted to be made, there is no presumption that they were served in any other way." *Id.* at 154, 60 S.E. (2d) at 76.

Applying the reasoning of *Fouche* to the case, a jurisdictional defect is apparent. The affidavit supporting publication was facially defective because it purported to show due diligence in ascertaining the whereabouts of someone other than the person to be served. We cannot presume that due diligence was exercised in any way other than as shown in the record. *See Fouche,* 217 S.C. 147, 60 S.E. (2d) 73. Therefore, the order allowing publication was not supported by a sufficient affidavit as required by § 15-9-710(6), *see Miller v. Doe,* 312 S.C. 444, 441 S.E. (2d) 319 (1994) (terms in a statute must be given their ordinary and popular meaning), and the failure to comply with the statute appears on the face of the record. Thus the family court in the adoption proceeding did not have jurisdiction over the father. The adoption order is void for want of jurisdiction.

For the foregoing reasons, the adoption decree is hereby set aside.[1]

Reversed.

SHAW and GOOLSBY, J.J., concur.

---

[1] Because we reverse this case without considering the proposed amended supplement to the record on appeal, we need not address the father's motion to exclude the supplement from the record.