512 S.E.2d 129

**WACHOVIA BANK OF SOUTH CAROLINA, N.A., successor by merger of South Carolina National Bank, Respondent,**

v.

**Jay H. PLAYER and Institution Food House, Inc., of whom Jay H. Player, is Appellant.**

No. 2930.

Court of Appeals of South Carolina.

Heard Dec. 10, 1998.

Decided Jan. 25, 1999.

Rehearing Denied March 27, 1999.

Gilbert Scott Bagnell, of Gilbert Scott Bagnell, PA, of Columbia, for appellant.

Warren R. Herndon, and Edward M. Woodward, both of Woodward, Cothran & Herndon, of Columbia, for respondent.

PER CURIAM:

Wachovia Bank of South Carolina brought this foreclosure action against Jay H. Player and Institution Food House, Inc.[1] A default judgment was entered against Player. The master denied Player's subsequent motion for relief from the default judgment under Rule 60(b)(4), SCRCP. Player appeals. We dismiss based upon lack of subject matter jurisdiction.

---

1. Institution Food House, Inc. is apparently a judgment creditor. It is not involved in this appeal.

## FACTS

Wachovia hired a private process server from Walterboro who attempted to serve Player on February 3, 7, and 10, 1997. According to her affidavit of due diligence, she searched the telephone listings and inquired of Player's whereabouts at his business and from his neighbors. Her attempts failed.

Unable to effect personal service on Player, Wachovia petitioned the clerk of court for an order of publication. The clerk granted Wachovia's petition, and, thereafter, the *Georgetown Times* published notice of the suit. Wachovia filed an affidavit of default and requested that the action be referred to the master.

Following referral, Wachovia mailed notice of the damages hearing to Player. Prior to the hearing date Wachovia forwarded a copy of the pleadings and service attempts to Player's attorney;[2] nevertheless, neither Player nor his attorney appeared at the hearing. The master ordered foreclosure.

Wachovia forwarded a copy of the foreclosure order to Player and a copy to Player's attorney. Player then filed a motion to set aside the default judgment pursuant to Rule 60(b)(4), SCRCP, claiming the order was void because the master did not have personal jurisdiction over him. Player argued that publication was improper because no diligent attempt had been made to serve him personally.

Prior to a hearing on this motion, Player paid the judgment except for attorney's fees and costs.[3] Following a hearing, the master denied Player's motion.

## SERVICE BY PUBLICATION

 Service of process by publication is authorized where the defendant is a resident of this state, but, after a diligent search, cannot be found in this state. S.C.Code Ann. § 15-9-

---

2. Neither the record nor the briefs explain how Player's attorney became involved or when he learned, presumably from Player, of the suit.

3. Player has now paid these as well. This case is not moot because Player seeks return of the fees and costs, plus interest.

710(3) (Supp.1997). The clerk of court may issue an order of publication upon an affidavit stating that after due diligence the defendant could not be found.. *Id.*

 Generally, absent fraud or collusion, the decision of the clerk is final. *Montgomery v. Mullins*, 325 S.C. 500, 506, 480 S.E.2d 467, 470 (Ct.App.1997). The only exception to the general rule is when an order of publication is premised upon a facially defective affidavit. *Miles v. Lee*, 319 S.C. 271, 274, 460 S.E.2d 423, 425 (Ct.App.1995) ("The affidavit supporting publication was facially defective because it purported to show due diligence in ascertaining the whereabouts of someone other than the person to be served."). However, an affidavit containing only a conclusory statement that due diligence had been exercised is not facially defective. *Yarbrough v. Collins*, 293 S.C. 290, 292, 360 S.E.2d 300, 301 (1987).

 The affidavit supporting the order at issue here is not facially defective. Player argued only that the process server could not have diligently attempted to serve him; otherwise, she would have found him. We cannot presume that due diligence was exercised in any way other than as shown in the record. *Miles*, 319 S.C. at 274, 460 S.E.2d at 425 (citing *Fouche v. Royal Indem. Co. of N.Y.*, 217 S.C. 147, 154, 60 S.E.2d 73, 76 (1950)). The petition in support of the order of publication filed by Wachovia's attorney did erroneously assert that the Georgetown County Sheriff attempted service upon Player and could not locate him. However, we need not decide whether this might constitute an exception to the general rule that the clerk's decision is final absent fraud or collusion because we do not believe the master has jurisdiction to entertain a Rule 60(b)(4) motion.

## SUBJECT MATTER JURISDICTION

 Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is granted by the order of reference. *Smith v. Ocean Lakes Family Campground*, 315 S.C. 379, 381, 433 S.E.2d 909, 910 (Ct.App.1993). After the master has exercised that authority, the order of reference terminates, and the power to dispose of the case returns to the circuit court. *Id.; see also Cox v. Fleetwood Homes of Ga., Inc.*, 329 S.C. 157, 161, 494 S.E.2d 462, 464 (Ct.App.1997)

("[O]nce the judge issues a ruling disposing of the case, 'his jurisdiction of the matter, except for the correction of merely clerical errors, end[s].'" (quoting *Barnett v. Piedmont Shirt Corp.*, 230 S.C. 34, 38, 94 S.E.2d 1, 3 (1956))), *cert. pending.* A master who acts after the reference terminates does so with- out subject matter jurisdiction, and the resulting orders are void. *Bunkum v. Manor Properties,* 321 S.C. 95, 99, 467 S.E.2d 758, 761 (Ct.App.1996) (After the master had entered final judgment, he had no subject matter jurisdiction to hear the motion for assessment of costs, fees, expenses and dam- ages against an appeal bond.). Issues relating to subject matter jurisdiction may be raised at any time, cannot be waived even by consent, and should be taken notice of by this court on our own motion. *See Johnson v. State,* 319 S.C. 62, 64, 459 S.E.2d 840, 841 (1995).

The order of reference provides that the master was autho- rized to:

take the testimony arising under the pleadings and to make a final judgment in the case. An appeal from the final judgment entered to be made directly to the Supreme Court; provided further that pursuant to S.C.Code Section 15–39–680 (1986)[,] that the Master–in–Equity is hereby authorized to conduct the public sale at any specified time, instead of only the first Monday in the month.[4]

In his order of judgment, the master ruled that he "will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, the issuance of a Writ of Assistance and disposing of any funds pursuant to Rule 71(c), South Carolina Rules of Civil Procedure." Initially, we note the master's statement that he retained jurisdiction was not necessary because Rule 71, SCRCP, provides: "Notwith- standing the fact that the foreclosure action may have been referred to the master for final judgment, the master or other officer conducting the sale shall file a report with the court as to the sale and the receipts and disbursements made." Rule 71(b), SCRCP.

Although the order of reference in this case authorized the master to enter a final judgment, it did not authorize the

---

4. That code section requires judicial sales to be held on the first Monday of the month unless the order of reference otherwise provides.

master to conduct hearings or issue orders after final judgment was entered.[5] Once the master ordered foreclosure, he had exercised the full extent of the power he possessed, *i.e.*, he had entered a final judgment. Unlike motions made pursuant to Rules 52, 59, or 60(a), Rule 60(b), SCRCP, provides: "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Because the master had entered an order and retained only the power to execute his order (the judicial sale), the master did not have subject matter jurisdiction when he issued his order.

Accordingly, this appeal is

**DISMISSED.**

CONNOR, HEARN, and HUFF, JJ., concur.

---

5. The rules of civil procedure would have permitted him, of course, to entertain a post-trial motion to alter or amend his order, see Rules 52, 59, SCRCP, or to correct a clerical mistake. *See* Rule 60(a), SCRCP. Further, the appellate court rules permitted him to entertain a motion for supersedeas and to set an appeal bond. *See* Rule 225, SCACR.