THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Helen K. Roberson, Respondent,
 v.
 Arthur White, Ben Milligan, Betty 
 Manigault, William Milligan, 
 Yvonne Capers and Isaiah 
 Washington (if he is alive), John 
 Doe, adults and Richard Roe, 
 infants, insane persons, 
 incompetents, being fictitious 
 names designating as a class any 
 person, who may be an heir, 
 distributee, legatee, devisee, widow, 
 widower, assignee, administrator, 
 executor, personal representative, 
 creditor, successor, issue and 
 alienee of Cain Bryan, Cain Bryan, Jr., 
 Ella Bryan Milligan, Arthur Milligan, 
 Manzie Milligan, Betsy Milligan 
 Washington, Martha Grant, Sonnie 
 Miligan, Jane Bryan Capers, Earnest 
 Capers, Annie Bryan White, Jim 
 White, Laurence White, Elijah Cody 
 White, Hanna Bryan, Rachael Bryan, 
 Joseph Bryan, Elizabeth Bryan, 
 Mansy Bryan, Louisa Bryan 
 Washington, Isaiah Washington 
 (if he is deceased), Carolina Bryan 
 Brown and Loretta Bryan Williams, 
 deceased and all other persons or legal 
 ntities, known and unknown, owning, 
 having and claiming any right, title 
 and interest in the parcels of land 
 described in the Complaint herein or 
 any part thereof, Defendants, 
 of whom Yvonne Capers is the Appellant.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity
Unpublished Opinion No. 2008-UP-224
Submitted April 1, 2008  Filed April 11,
 2008
AFFIRMED

 
 
 
 John J. Dodds, III, of Mt. Pleasant; for
 Appellant.
 Robert A. Kerr, and Brendan P.
 Langendorfer, 
 of Mt. Pleasant; for Respondent.
 
 
 

PER CURIAM: Yvonne
 Capers appeals the Master-in-Equitys refusal
to grant her a
 new trial or relief from judgment relating to a service of process by
 publication, ensuing default judgment, and sale of heirs property.  We affirm.[1]
FACTS
At the center of this action are three parcels of unimproved
 property (Property) located along Highway 17 North in Charleston County.  Ernest Capers owned an undivided one-sixth interest in the Property.  Ernest Capers
 died November 19, 1998.  Appellant Yvonne Capers (Capers) is Ernest Capers
 widow and sole heir.    
On November 5, 2002, Respondent Helen Roberson (Roberson) filed an
 action seeking a judicial declaration that she was the fee simple title owner
 of the Property.  Robersons counsel at that time, Russell Brown (Brown), filed
 a Motion for Service by Publication supported by an Affidavit of Publication. 
 In the supporting affidavit, Brown swore neither he nor Roberson knew the
 address or residence of the Defendants, including the widow of Ernest Capers.  The
 affidavit also stated the Defendants place of residence cannot with
 reasonable diligence be ascertained by Brown or Roberson.  The affidavit
 further stated the nature of the declaratory action sought and the Defendants,
 including the widow of Ernest Capers, were proper and necessary parties to the
 action.  The Clerk of Court for Charleston County granted an Order of
 Publication on November 5, 2002.  A notice which included Yvonne Capers name
 along with the names of other Defendants was printed in the Moultrie News three
 times during November 2002.  
On December 9, 2003, the circuit court found Capers had been
 properly served, failed to respond, and was therefore in default.  The circuit
 court referred the action to the Master-in-Equity (Master).  A hearing was held
 before the Master on August 30, 2004.  Thereafter the Master issued a Judgment
 of Sale and Distribution clearing title to the Property and ordering the
 Property be sold.  Capers did not know of the hearing and did not appear;
 however, a fellow Defendant, Arthur Milligan, Jr., was present and represented
 by counsel.  Milligan submitted evidence regarding the fair market value of the
 Property.    
On January 9, 2006, Roberson purchased the Property.  Near
 the end of September 2006, Robersons attorney, Louis Moore (Moore), called
 Capers residence.  On
 September 28, 2006, Moore delivered a check for $34,037.73, representing Capers share of the Propertys net sale
 proceeds, to Capers attorney.  Six days later Capers attorney returned the
 check to Moore and filed a motion pursuant to Rules 59 and 60, SCRCP, for new
 trial or relief from judgment on the ground Capers had never been lawfully
 served.  The Master heard Capers motion on November 21, 2006, and subsequently
 denied the motion. The Master also denied Capers Rule 59(e) Motion to Alter or
 Amend Judgment.  Capers appealed.  
STANDARD OF REVIEW
The grant or denial of new trial motions and motions under Rule 60(b) lie within the sound discretion of the judge. Stevens v. Allen, 336 S.C.
 439, 446, 520 S.E.2d 625, 628-29 (Ct. App. 1999); Raby Constr., L.L.P. v. Orr, 358 S.C. 10, 17-18, 594 S.E.2d 478,
 482 (2004).  Our standard of review, therefore,
 is limited to determining whether there was an abuse of discretion.  Raby
 Constr., L.L.P., 358 S.C. at 18, 594 S.E.2d at 482.  An abuse of discretion occurs when there is an error of
 law or a factual conclusion which is without evidentiary support. Gooding
 v. St. Francis Xavier Hosp., 326 S.C. 248, 252, 487 S.E.2d 596, 598 (1997).
LAW/ANALYSIS
Capers
 appeals the Masters refusal to grant her motion for a new trial or relief from
 judgment.  In her affidavit to the Master, Capers stated she and her late
 husband had resided in the same residence in Awendaw for the last thirty years.
  During that time, her telephone number and listing in the telephone directory
 under William E. Capers has not changed.  Capers contends she was never served
 or properly notified of the reference hearing or sale of the Property.
An order for service by publication may be issued pursuant to Section 15-9-710 of
 the South Carolina Code (Supp. 1999) when an affidavit, satisfactory
 to the issuing officer, is made stating that the defendant, a resident of the
 state, cannot, after the exercise of due diligence, be found, and that a cause
 of action exists against him. S.C.
 Code Ann. § 15-9-710(3) (Supp. 1999).  
Generally,
 absent fraud or collusion, once the issuing officer is satisfied with the
 supporting affidavit, the decision to order service by publication is final
 unless the order of publication is premised upon a facially defective
 affidavit. Brown v. Malloy, 345 S.C. 113, 118, 546 S.E.2d 195, 197 (Ct. App. 2001) (citing Wachovia Bank of S.C. v. Player, 334 S.C. 200, 204, 512
 S.E.2d 129, 131 (Ct. App. 1999), revd on other grounds, 341 S.C. 424, 535
 S.E.2d 128 (2000); Yarbrough v. Collins, 293 S.C. 290, 292-93, 360
 S.E.2d 300, 301 (1987) (holding the Court of Appeals erroneously added the
 requirement that an affidavit for publication must set forth facts showing due
 diligence had been exercised and the court should not consider the sufficiency
 of the affidavit when there was no allegation the affidavit was obtained by
 fraud or collusion); Montgomery v. Mullins, 325 S.C. 500, 506, 480
 S.E.2d 467, 470 (Ct. App. 1997) (the trial court was without authority to
 overrule the finding of the clerk of court that the Mullinses could not, after
 due diligence, be found in the County and State of their last known
 residence); Miles v. Lee, 319 S.C. 271, 274, 460 S.E.2d 423, 425 (Ct.
 App. 1995) (holding the affidavit for publication was facially defective when
 it named Kenneth Wayne Lee as the defendant and person to be served although
 Robert Lewis Miles, Sr. was the actual defendant in the adoption/termination of
 parental rights proceeding)).
Capers
 argues the Affidavit of Publication is facially defective because her name does
 not appear in the affidavit.  Although the affidavit does not mention Capers by
 name, it includes Capers as one of the Defendants:

 joined
 in this cause under the fictitious names of John Doe, adults, and Richard Roe,
 infants, insane persons, and incompetents, being fictitious names, designating
 as a class any person or legal entity who may be an heir, distributee [sic],
 legatee, devisee, widow, of Ernest Capers, and all other persons or legal
 entities, known and unknown, owning, having and claiming any right, title and
 interest in the parcels of land. 

Capers is also specifically
 listed in the caption of the affidavit.  In Miles v. Lee, this court
 found an affidavit was facially defective[2] when it purported to show due diligence in ascertaining the whereabouts of
 someone other than the person to be served. 319 S.C. 271, 274, 460 S.E.2d 423,
 425 (Ct. App. 1995).  No such situation exists in the present case.  Indeed,
 Robersons counsel was able to locate addresses and mail a Notice of Hearing to
 twenty-two other Defendants.  Capers has not presented any evidence[3] Roberson or her counsel attempted to intentionally exclude Capers from the
 proceedings. 
In
 her brief to this court, Capers also argues it is clear no effort was made to
 locate her.  Capers cites the fact that the Complaint, Affidavit of
 Publication, and Order of Publication were all filed on the same day.  This argument
 also fails.  Section 15-9-710 prescribes no timelines or routine to follow when
 filing for service by publication. S.C. Code Ann. § 15-9-710 (Supp. 1999).  All that this section requires is, that it be made to
 appear by affidavit to the satisfaction of the officer who directs the
 publication, that the defendant has property in the State, that he cannot be
 found therein after due diligence, and that a cause of action exists against
 him. Yates v. Gridley, 16 S.C. 496, 499 (1882).  The statute does not
 specify the character of the facts and circumstances which must be stated in
 the affidavit or the quantity of evidence necessary to satisfy the officer
 ordering publication.  Yarbrough, 293 S.C. at 292, 360 S.E.2d at
 301 (1987) (citing Yates, 16 S.C. at 500).  The publication affidavit can suffice
 even if it contains only a conclusory statement that due diligence was
 exercised[4] and does not set forth facts showing due diligence had, in fact, been
 exercised, so long as the affidavit satisfies the issuing officer.  Yarbrough,
 293 S.C. at 292-93, 360 S.E.2d at 301.  
Accordingly,
 the order of the Master is 
AFFIRMED. 
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Hopkins v. Brown is another South Carolina
 case in which the courts have dealt with the issue of whether affidavits in
 support of notice by publication were facially defective. 2006-UP-276 (Ct. App.
 filed June 8, 2006).  In that case, the Respondent filed an affidavit indicating
 she could not locate the Appellant, and a Sherriffs Office filed an affidavit
 indicating they attempted to serve the Appellant but were unable to do so. 
 This court found, [t]here is nothing facially defective about these documents
 nor is there any testimony in the record that would indicate the information
 contained therein was untrue.   
[3] The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to
 entitle her to relief. BB&T v. Taylor, 369 S.C. 548, 552, 633
 S.E.2d 501, 503 (2006).  The burden of presenting evidence of fraud or
 collusion, for example, through the testimony of the clerk who ordered the
 publication, falls to the Appellant. Wachovia Bank of S.C. v. Player,
 341 S.C. 424, 429, 535 S.E.2d 128, 130, n.5 (2000).
[4] When the record is silent, the court will presume
 that what should have been done was done.  Miles v. Lee, 319 S.C. at
 274, 460 S.E.2d at 425 (citing Fouche v. Royal Indemnity Co. of N.Y.,
 217 S.C. 147, 60 S.E.2d 73 (1950)).