THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 A.E.
 Carmichael, Jr. d/b/a Lake View Gas Company & Carmichael Farm Supply Co., Respondent,
 v.
 Benita Joyce
 Page Oden, Douglas Lee Page and David Carroll Page, Defendants,/Of whom
 Benita Joyce Page Oden is the Appellant.
 
 
 

Appeal From Dillon County
 Paul M. Burch, Circuit Court Judge
Unpublished Opinion No. 2009-UP-030
Heard November 5, 2008  Filed January 14,
 2009
AFFIRMED

 
 
 
 Marcus LeFond Woodson, of Marion, for Appellant.
 A. Glenn Greene, Jr., of Dillon and Marian D. Nettles, of Lake City, for Respondent.
 
 
 

PER CURIAM: Benita[1] Joyce Page Oden appeals the order of the trial court denying her motions for
 continuance, to set aside a default judgment, and to dismiss and to grant
 foreclosure of a mortgage held by A.E. Carmichael, d/b/a Lake View Gas Company
 and Carmichael Farm Supply Co.  We affirm.
FACTS/PROCEDURAL
 HISTORY
Carmichael stated
 in his complaint that on October 2, 1986, Odens father, Jasper Page, Jr.,
 executed and delivered to him a note for the amount of $50,585.05 with the
 interest rate of 12% per annum secured by a mortgage on a 1.1 acre tract in
 Dillon County.  The principal was to be repaid 10% a year for 10 years.  Page
 transferred the property to Oden before his death on June 16, 2001.  Carmichael
 filed this action to foreclose the mortgage on May 16, 2006, originally naming
 as defendants Oden and Page or his heirs, personal representatives, successors,
 assigns, spouses, creditors, and any other claiming a right to the property.  Carmichael amended his complaint on July 25, 2006 to name only Oden and her brothers,
 Douglas Lee Page and David Carroll Page, as defendants. 
On
 July 27, 2006, Carmichael attempted to serve Oden through certified mail,
 restricted delivery, return receipt at her address in Upper Marlboro, Maryland.  He also sent her the documents through regular mail.  The certified mail was
 returned unclaimed, but the regular mail was not returned.  Carmichael also
 attempted service through the Dillon County Sheriffs Department, but the
 Sheriffs Department was unable to locate her.  
On
 September 15, 2006, Carmichael filed a petition for an order of publication. 
 Attached to the petition was an affidavit of non-service by the sheriffs
 deputy and an affidavit from Carmichaels attorney detailing the attempts at
 service.  The affidavit of Carmichaels attorney was not notarized.  The Dillon
 County Clerk of Court issued the order for publication that day.  The notice
 appeared in The Dillon Herald on September 19, September 26, and October 3,
 2006.  
On
 November 7, 2006, Carmichael filed an affidavit of default.  The matter was
 referred to the Master in Equity, who issued an order of default.  Carmichael
 sent Oden notice of the hearing set for November 20, 2006 to her Maryland address.  On November 15, 2006, Oden requested the master recuse himself.  The
 master granted the request and cancelled the hearing, which was rescheduled for
 January 3, 2007.  Notice of the hearing was mailed to Oden on December 27,
 2006.  On January 2, 2007, Oden filed a motion for continuance.  In the motion
 her attorney stated that he had been retained on December 28, 2006 and would
 like to have the opportunity to engage in discovery.  Oden also filed motions
 to set aside entry of default and to dismiss.  
At
 the hearing, the trial court denied Odens request for a continuance.  Although
 Oden was not allowed to offer her own witnesses, she was able to cross-examine
 Carmichael, the only witness, and to present evidence of a payment Page made in
 1989.  
In
 its written order, the trial court held the action was duly filed and served on
 Oden.  The court found the issue of the statute of limitations did not involve
 jurisdiction but rather was an affirmative defense which Oden had neither pled
 nor proved.  It granted Oden a credit for $12,990.31 paid in 1989 and calculated
 the debt with interest compounded annually at 12% to be $253,423.12. In
 addition, the court added $5,000.00 in attorneys fees and $609.61 in costs and
 ordered foreclosure for this amount.  The court noted that Oden was not
 personally liable for any deficiency and the judgment was solely against the
 property.  Oden filed a motion to alter or amend the judgment, which the court
 denied.  This appeal followed.  
LAW/ANALYSIS
I.  Continuance
Oden
 argues the trial court erred in denying her motion for a continuance.  Her
 attorney was retained on December 28, 2006 and the hearing was held on January
 3, 2007.  Her attorney stated he needed the time to engage in discovery and to
 file any necessary motions.  The trial court believed the request for a continuance
 was merely a ploy to delay the matter.  It noted Oden had already received a
 continuance of the hearing scheduled November 20, 2006 when the master recused
 himself at her request by order dated November 16, 2006.  Oden did not retain
 counsel until almost a month and a half later.  
The
 grant or denial of a continuance lies within the sound discretion of the trial
 court, and its ruling will not be reversed absent a clear showing of abuse of
 discretion.  State v. Tanner, 299 S.C. 459, 462, 385 S.E.2d 832, 834
 (1989). Moreover, the denial of a motion for a continuance on the ground that
 counsel has not had time to prepare is rarely disturbed on appeal.  Plyler
 v. Burns, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007).
We find the trial
 court did not abuse its discretion in denying the continuance.  
II.  Denial of motion to set aside the
 entry of default
Oden
 argues the trial court erred in denying her motion to set aside the entry of
 default.  She asserts several reasons why the trial court erred in finding the
 notice by publication was proper.   
Under
 Rule 55(c) of the South Carolina Rules of Civil Procedure, a default may be set
 aside for good cause shown.  The decision whether to grant relief from an
 entry of default is solely within the sound discretion of the trial court.  Wham
 v. Shearson Lehman Bros., 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct. App.
 1989).  
1.  Type of action for service by
 publication
Oden
 argues that because Carmichael knew her Maryland address, he should have
 attempted to have a sheriff in the Maryland county of her residence serve
 her.     Section 15-9-710 of the South Carolina Code provides for service by
 publication when the person upon whom service is to be made cannot, after due
 diligence, be found in this state and: 

 (4) when the defendant is not a resident of this State
 but has property therein and the court has jurisdiction of the subject of the
 action;
 (5) when the subject of the action is real or personal
 property in this State and the defendant has or claims a lien or interest,
 actual or contingent, therein or the relief demanded consists wholly or partly
 in excluding the defendant from any interest or lien therein . . . .

S.C. Code Ann. § 15-9-710
 (2005).  
This was an action
 solely for foreclosure of a mortgage on property located in Dillon County,
 South Carolina.  Accordingly, this is the type of case where service by
 publication is authorized by statute.
2.  Location of newspaper in which
 notice was published
Oden also claims
 publication did not take place in the proper location. Section 15-9-740 of the
 South Carolina Code provides for the order of publication to direct publication
 to be made in the newspaper most likely to give notice to the person to be
 served . . . . S.C. Code Ann. § 15-9-740 (2005).  Oden asserts the notice
 should have been published in Upper Marlboro, Maryland.  However, when
 Carmichael attempted to serve her at her address in Maryland through certified
 mail, the letter was returned unclaimed.  The order of publication provides Oden
 could not be located in Dillon County, South Carolina, or her last known
 address.  As Oden could not be located at her Maryland address, we find it was
 within the trial courts discretion to find that the newspaper in Dillon County,
 where it was known Oden owned property, was the one most likely to give
 notice to Oden.  Accordingly, we find no error in the trial courts ruling
 that the notice by publication in Dillon County was proper.   
3.  Affidavits to support order of
 publication
Oden
 asserts Carmichael did not provide affidavits sufficient to support an order of
 publication.  Section 15-9-710 of the South Carolina Code provides for service
 by publication:

 When
 the person on whom the service of the summons is to be made cannot, after due
 diligence, be found within the State and (a) that fact appears by affidavit to
 the satisfaction of the court or judge thereof, the clerk of the court of
 common pleas, the master, or the probate judge of the county in which the cause
 is pending and (b) it in like manner appears that a cause of action exists
 against the defendant in respect to whom the service is to be made or that he
 is a proper party to an action relating to real property in this State . . . .

S.C. Code Ann. § 15-9-710
 (2005).  
Thus,
 in order to obtain an order for service by publication, Carmichael had to
 establish by affidavit that after searching with due diligence, neither he nor
 anyone on his behalf was able to locate Oden within this State and that Oden
 was a proper party to an action relating to real property in this State.  Generally,
 absent fraud or collusion, once the issuing officer is satisfied with the
 supporting affidavit, the decision to order service by publication is final
 unless the order of publication is premised upon a facially defective
 affidavit.  Brown v. Malloy, 345 S.C. 113, 118, 546 S.E.2d 195, 197
 (Ct. App. 2001); see Miles v. Lee, 319 S.C. 271, 274, 460 S.E.2d
 423, 425 (Ct. App. 1995) (finding the affidavit supporting publication was
 facially defective because it purported to show due diligence in ascertaining
 the whereabouts of someone other than the person to be served).
Oden
 argues the trial court erred in denying the motion to set aside the entry of
 default because the affidavit of publication was facially defective in the
 following ways:  a) the document was not notarized, b) the document does not
 state that Oden owned property in South Carolina, c) the document does not
 state the nature of the action against Oden, d) the unclaimed letter sent by
 certified mail was not filed in the office of the Clerk of Court, and e) the
 Sheriffs Deputys affidavit of non-service misspelled Odens first name.  
Carmichael acknowledges his attorneys affidavit requesting
 publication was not notarized.  He asserts the fact that the statements were
 made as Attorney for the Plaintiff and an Officer of the Court should suffice
 to satisfy the requirement of the statute.  However, the supreme court noted
 that a sworn statement from an attorney did not comply with South Carolinas
 requirements for a valid affidavit because it was not notarized.  Black v.
 Lexington Sch. Dist. No. 2, 327 S.C. 55, 58, 488 S.E.2d 327, 328 (1997); but
 see S.C. Ins. Co. v. Barlow, 301 S.C. 502, 508, 392 S.E.2d 795, 798
 (Ct. App. 1990) (excusing failure to have notarized Department of
 Transportation officers signature on Form FR-9 because to hold otherwise would
 amount to a sacrifice of substance to form).  
Under the plain
 meaning rule, it is not the courts place to change the meaning of a clear and
 unambiguous statute.  Hodges v. Rainey, 341 S.C. 79, 85, 533 S.E.2d
 578, 581 (2000).   Section 15-9-710 clearly requires an affidavit.  Carmichaels attorneys statement does not fulfill this requirement.  
However,
 Carmichael attached to his petition for service by publication the affidavit of
 Ken Rogers, the Deputy Sheriff for Dillon County, in which Rogers represented
 he had not been able to find Benita Joyce Page Oden after diligent efforts to
 find her.  Oden states this affidavit is defective because it misspells her
 first name, which is Bonita, not Benita.  
In Miles
 v. Lee the affidavit supporting publication in an adoption/termination of
 parental rights action stated that after due diligence Kenneth Wayne Lee
 could not be found in this state.  The father, whose name was Robert Lewis
 Miles, was the actual defendant and was not named in the affidavit.  Miles
 v. Lee, 319 S.C. at 273, 460 S.E.2d at 424.  This court held the affidavit
 was facially defective and thus the order of publication was not supported by a
 sufficient affidavit.  Id. at 274, 460 S.E.2d at 425.
Here,
 Odens first name is spelled Benita in all of the pleadings.    We find the
 trial court did not abuse its discretion in allowing this affidavit to support
 the order of publication.  
The
 order of publication in this case also must be supported by an affidavit
 showing Oden was a proper party to an action relating to real property in this
 State.  Carmichael asserts the affidavit of verification of the complaint in
 this action satisfied this requirement.  A verified complaint is an acceptable
 substitute for an affidavit at the summary judgment phase.  Dawkins v.
 Fields, 354 S.C. 58, 67, 580 S.E.2d 433, 438 (2003).  The supreme court
 recognized that a verified complaint may augment an affidavit for the purpose
 of furnishing the grounds for issuing a warrant of attachment and in
 proceedings for claim and delivery.  Plowden v. Mack, 217 S.C. 226, 232,
 60 S.E.2d 311, 314 (1950).   While the court recognized the remedy of
 attachment was a drastic one and the provisions of the code relating to it must
 be strictly followed and adhered to, it held a verified complaint will take the
 place of the affidavit required by the statute.  Biltrite Bldg. Co v. Adams,
 193 S.C. 142, 150, 7 S.E.2d 857, 860 (1940).
We
 find the verified complaint could be used in the place of the affidavit
 required by section 15-9-710.  Accordingly we find the trial court did not
 abuse its discretion in finding the order of publication was properly supported
 by affidavits.  
As
 we find the trial court did not abuse its discretion in holding that service by
 publication was proper, we conclude the court did not err in denying the motion
 for relief from default judgment.  
4.
 Timeliness of service
Oden
 argues the publication of the summons did not take place within a reasonable
 time pursuant to the Rules of Civil Procedure.  She cites to Rule 3(b), SCRCP,
 which provides for tolling of the statute of limitations when after filing, the
 pleadings are delivered to the sheriff of the county where the defendant was
 known to last reside for service upon the defendant, provided actual service
 occurs within a reasonable time thereafter. 
This
 rule is only applicable to the tolling of the statute of limitations.  While
 delivery of the pleadings to the Dillon County Sheriff may not have tolled the
 statute, we find no error by the trial court because, as discussed below, the
 statute of limitations still has not run.
III. 
 Failure to join necessary party.  
Oden
 asserts the court should have granted her motion to dismiss because Carmichael failed to name Page as a party to this action.  A motion under Rule 12(b)(7) is
 proper where a necessary party under Rule 19 should be joined for a just
 adjudication of the issues.  BancOhio Natl Bank v. Neville, 310 S.C.
 323, 326, 426 S.E.2d 773, 775 (1993).  The rule provides an affirmative
 defense for the failure to join any interested party who is subject to service
 of process, and who will not deprive the court of jurisdiction over the subject
 matter under Rule 19, SCRCP.
Page
 is deceased.  Carmichael did not seek a judgment against his estate.  Instead,
 he only sought foreclosure of the mortgage on property that Page deeded to Oden
 before his death.  Accordingly, Page was not a necessary party to this action.  
IV. 
 Statute of limitations
Oden argues the
 statute of limitations bars this action.  She asserts that because the debt
 preexisted the mortgage, the time for the statute to run began in 1985, before
 the mortgage was executed on October 2, 1986.  In the alternative, she
 maintains that when considering the date on the mortgage, the action must have
 been commenced on or before October 2, 2006 and service by publication was not
 complete until October 3, 2006. 
First, [t]he
 failure to plead an affirmative defense is deemed a waiver of the right to
 assert it.  Whitehead v. State, 352 S.C. 215, 220, 574 S.E.2d 200, 202
 (2002).   Oden has not filed an answer in this matter and has waived the right
 to assert the affirmative defense of statute of limitations.  In addition, the
 statute has not run in this matter.    

 Section
 29-1-10 of the South Carolina Code provides:
 
 No
 mortgage or deed having the effect of a mortgage or other lien shall constitute
 a lien upon any real estate after the lapse of twenty years from the date for
 the maturity of the lien. However, if the holder of the lien shall, at any time
 during the continuance of the lien, cause to be recorded upon the record of
 that mortgage or deed having the effect of a mortgage or other lien a note of
 some payment on account or some written acknowledgment of the debt secured
 thereby, with the date of the payment or acknowledgment, the mortgage or deed
 having the effect of a mortgage or other lien shall be, and shall continue to
 be, a lien for twenty years from the date of the record of that payment on
 account or acknowledgment. When there is no maturity stated or fixed in the
 mortgage or the record of the mortgage, then the provisions hereof are
 applicable from the date of that mortgage and that mortgage shall not
 constitute a lien after the lapse of twenty years from the date thereof.
 

S.C. Code Ann. § 29-1-10
 (2007).  
The statute did not
 begin to run until the date of the maturity of the mortgage.  Carmichael
 testified that under the terms of the mortgage, Page was to pay ten percent of
 the debt annually for ten years.  The mortgage, therefore, did not mature until
 October 2, 1996. This action was brought well within the twenty year-statute.
 In addition, Oden presented evidence that Page made a payment on the mortgage
 in 1989 and the trial court calculated this payment in determining the amount
 of the debt.  Oden acknowledged in her brief that the statute of limitations
 would run twenty years from the last payment.   Accordingly, the statute of limitations
 does not bar Carmichaels action.[2]  
V.  Failure to allow Oden to testify
Oden
 asserts the trial court erred in failing to allow her or her brother to
 testify.  First, it does not appear Oden requested to testify at the hearing. 
 Thus, this issue is not properly before the court.  See Wilder Corp.
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic
 that an issue cannot be raised for the first time on appeal, but must have been
 raised to and ruled upon by the trial judge to be preserved for appellate
 review.).  Further, the record does not show what this testimony might have
 been.  See  State v. King, 367 S.C. 131, 136, 623 S.E.2d 865, 868
 (Ct. App. 2005) (stating a reviewing court may not consider error alleged in
 the exclusion of testimony unless the record on appeal shows fairly what the
 rejected testimony would have been).  Accordingly, the issue is not properly
 before this court.  
VI.  Validity of mortgage
Oden
 asserts Carmichael failed to establish he held a valid mortgage.  She claims
 the mortgage did not secure a specific debt.  Carmichael testified, without
 objection, that prior to the mortgage he sold fertilizer, LP gas, and gasoline
 to Page on credit.  He then required Page to execute a mortgage for the debt
 amount. Thus, there is a specific debt secured by the mortgage.  
Oden
 also argues there was no testimony that the mortgage was validly executed.  She
 also complains there was no testimony as to the amount of the mortgage.  Carmichael did not testify as to this exact amount but said the debt was around $50,000.  In
 addition, the verified complaint lists the original debt amount as $50,585.05. 
 As Oden was in default, all of the allegations in the complaint, including the
 validity of the mortgage and the amount of the mortgage amount, are admitted.  See State ex rel. Medlock v. Love Shop, Ltd., 286 S.C. 486, 488, 334 S.E.2d
 528, 530 (Ct. App. 1985) (stating an entry of an order of default is an
 admission by the defaulting party of the well-pleaded allegations of the complaint).  
Oden
 states the judgment in favor of Carmichael was improper because he never
 introduced documents into the record.  Carmichael testified that he could not
 find the original note and mortgage.  In the order on Carmichaels motion to
 alter or amend, the trial court noted [t]hat the mortgage on record in the
 clerks office, which [Odens] own evidence referred to and presented evidence
 in the subordination agreement, was clear as to the terms of the agreement so
 that no original note and mortgage was necessary.  In addition, Carmichael testified as to the terms of the mortgage without objection.  Evidence received
 without objection is competent.  Toyota of Florence v. Lynch,
 314 S.C. 257, 266, 442 S.E.2d 611, 616 (1994).  
Oden argues the fact Carmichael does not have the
 mortgage could be evidence that the mortgage had been satisfied and cancelled. 
 This issue was neither raised to nor ruled on by the trial court.  See
 Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the trial judge to be preserved for
 appellate review.).  Accordingly, there is no error on this issue.  
VII. 
 Calculation of interest
Oden
 argues the trial court erred in allowing Carmichael to testify to his
 reasonable belief about the amount owed on the mortgage without any supporting
 calculation.  Carmichael testified he had a bank employee calculate the
 interest on the mortgage and then, over Odens hearsay objection, stated that
 amount.  The trial court, however, clearly made its own calculation of the
 total debt owed as it allowed for credit for the 1989 payment of $12,990.31. 
 Accordingly, even if there was any error in allowing Carmichaels testimony, it
 was harmless.  See JKT Co. v. Hardwick, 274 S.C. 413, 419, 265 
S.E.2d 510, 513 (1980) (stating an error not shown to be prejudicial does not 
constitute grounds for reversal).
VIII. 
 Usury
Oden
 asserts that the amount of interest Carmichael sought was usurious and
 therefore Carmichael forfeited all interests and costs.  Unconscionability has
 been recognized as the absence of meaningful choice on the part of one party
 due to one-sided contract provisions, together with terms which are so
 oppressive that no reasonable person would make them and no fair and honest
 person would accept them.  Jones Leasing v. Gene Phillips & Assocs.,
 282 S.C. 327, 331, 318 S.E.2d 31, 33 (Ct. App. 1984). The mortgage called for
 the debt to accrue interest at the rate of 12% compounded annually.  Although
 due to the passage of time, the debt has increased substantially, the
 transaction was not oppressive.  We find no error in the trial courts ruling.
IX. 
 Attorneys fees
Oden
 argues the trial court erred in granting Carmichael attorneys fees because
 there was no evidence regarding the amount of attorneys fees.  Although Oden
 did object to the court granting attorneys fees in her motion to alter or
 amend, the basis for this objection was Plaintiff did not request attorneys
 fees at trial. Carmichael did request attorneys fees in the complaint.  Thus,
 the trial court did not err denying Odens motion to alter or amend on this
 issue.  Oden never objected to the amount of the fees or the basis for the
 award until appeal. This issue is not properly before this court.  See Durham
 v. Vinson, 360 S.C. 639, 654, 602 S.E.2d 760, 767 (2004) (party may not
 argue one ground for objection at trial and another ground on appeal).  
CONCLUSION
For
 the foregoing reasons, the decision of the trial court is 
AFFIRMED.
ANDERSON,
 HUFF, and THOMAS, JJ., concur.  

[1] Although the pleadings and order in this case list Odens first name as Benita,
 she claims her name is actually Bonita. 
[2] See IOn v. Town of Mt. Pleasant, 338 S.C. 406, 420, 526 S.E.2d
 716, 723 (2000) (stating an appellate court may affirm for any reason appearing
 in the record).