**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**


Milton Sojo, Appellant,

v.

Audrey and Joshua Camerire, Respondents.

Appellate Case No. 2024-001337

———————————

Appeal From Lancaster County
Coreen B. Khoury, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-233
Submitted March 2, 2026 – Filed May 20, 2026

———————————

**AFFIRMED**

———————————

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

Jonathan Drew Hammond, of Greenville, for Respondents.

———————————

**PER CURIAM:** Milton Sojo (Father) appeals a family court order denying his request to unseal the file of a 2018 action in which the family court terminated his parental rights to his and Audrey Camerire's (Mother's) minor child (Child) and allowed Joshua Camerire (Stepfather) to adopt Child. On appeal, he argues

Mother and Stepfather (collectively, Respondents) obtained the adoption decree by way of a fraudulent affidavit to support service by publication. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Father's argument is not preserved for appellate review because although Father raised fraud in his complaint and at the family court hearing, the family court did not expressly rule on whether any of the statements in the affidavit were false or if Respondents committed fraud when they sought to serve him by publication, and Father failed to request a ruling in his motion for reconsideration. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) (stating an issue must have been raised to and ruled upon by the family court in order to be preserved for review); *Bodkin v. Bodkin*, 388 S.C. 203, 219, 694 S.E.2d 230, 239 (Ct. App. 2010) ("When the family court does not rule on an issue presented to it, the issue must be raised by a post-trial motion to be preserved for appeal.").

Nonetheless, we hold the family court did not err in denying Father's request to unseal the adoption record because Father failed to show Respondents obtained the adoption decree by way of a fraudulent affidavit to support service by publication; thus, he failed to show good cause to unseal the record. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (stating de novo review does not require this court to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) (providing de novo review also does not relieve an appellant of the burden of showing that the preponderance of the evidence is against the family court's findings); S.C. Code Ann. § 63-9-780(B) (2010) ("All papers and records pertaining to the adoption and filed with the clerk of court are confidential from the time of filing and upon entry of the final adoption decree must be sealed and kept as a permanent record of the court and withheld from inspection."); *id.* ("No person may have access to the records except for good cause shown by order of the judge of the court in which the decree of adoption was entered."); S.C. Code Ann. § 15-9-710(3), (6) (2005) ("When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof . . . and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made . . . , the court[ or] judge . . . may grant an order that the service be made by the publication of the summons in any one or more of the following cases: . . . when the defendant is a

resident of this State and after a diligent search cannot be found[ or] . . . when the defendant is a party to an adoption proceeding and is either a nonresident or a person upon whom service cannot be had within the State after due diligence . . . ."); *Yarborough v. Collins*, 293 S.C. 290, 292-93, 360 S.E.2d 300, 301 (1987) (stating section 15-9-710 "does not specify the character of the facts and circumstances which must be stated in the affidavit or the quantity of evidence necessary to satisfy the officer before ordering publication"; rather, the statute "simply requires that it must appear to [the issuing officer's] satisfaction . . . [and] when he is satisfied, in the absence of fraud or collusion, it is final" (second alteration in original) (quoting *Yates v. Gridley*, 16 S.C. 496, 499-500 (1882))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.